UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WEFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFIT FUNDS and STEAMFITTERS LOCAL NO. 353,<br><br>    Plaintiffs,<br><br>v.<br><br>AIRPORT PLUMBING AND HEATING, INC.,<br><br>    Defendant. | Cause No: 04-1059 |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Airport Plumbing and Heating, Inc. ("Airport Plumbing") moves for summary judgment pursuant to Fed.R.Civ.P. 56 and C.D. IL. Local Rule 7.1. In support of this motion, Airport Plumbing states the following.

## I. INTRODUCTION

In their Complaint, Plaintiffs Trustees of East Central Illinois Pipe Trades Health & Welfare Fund, Plumbers and Pipefitters Fringe Benefit Fund and Steamfitters Local Union 353 ("the Funds") seek to recover from Defendant the amount of $30,425.00 in fringe benefit contributions allegedly owed to Plaintiffs for the time period of January 1, 1998 to December 31, 2002 (plus audit costs and attorneys' fees) under E.R.I.S.A., 29 U.S.C. §1145. Plaintiffs base their claim wholly upon the purported audit report of their accountants, which is attached to the Complaint as Exhibit C.

Defendant Airport Plumbing is entitled to summary judgment on this claim because the undisputed facts establish that Plaintiffs' claim for contributions is based solely on an

"audit" not made in accordance with generally accepted auditing standards. As a matter of law, such an audit cannot be used to make a determination concerning whether any contributions are owed by Defendant Airport Plumbing to Plaintiffs.[1] Because the undisputed facts fail to show that Defendant Airport Plumbing owes the contributions Plaintiffs seek, Defendant requests the Court grant Defendant summary judgment on the claim against it as a matter of law.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The Funds are maintained and administered pursuant to the Labor Management Relations Act of 1947 and the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §1001 et seq. The Funds are administered and have their place of business in Indianapolis, Indiana. (See Complaint, ¶ 2; Answer, ¶ 2).

2. Defendant Airport Plumbing is an Illinois business, which has its principal place of business at 5225 South Lafayette Road, Bartonville, Illinois. (See Complaint, ¶ 5; Answer, ¶ 5).

3. The Funds purported to audit the payroll records of Airport Plumbing for the period from January 1, 1998 to December 31, 2002. (See Plaintiffs' Exhibit C to Complaint).

---

[1] Concurrently with the filing of this motion, Defendant also filed its Motion to Strike Plaintiffs' Disclosure of Expert and to Exclude Expert Testimony and Evidence. Should the Court grant this motion in its entirety, Plaintiffs will be barred from using either this "audit" report and the testimony of their expert. In this instance, Plaintiffs will be unable to make their case, and summary judgment should be granted to Defendant.

2

4.  The Funds rely solely on the report of the auditor to determine if amounts are due and owing and the total of such amounts. (See Plaintiffs' Exhibits C, D to Complaint).

5.  For the May 16, 2000 report of his review of selected payroll records of Airport Plumbing, the auditor used procedures <u>established by the Funds</u>. (See Defendant's Exhibit 1, attached, Plaintiffs' Answers to Defendant's First Request for Admissions, ¶ 2).

6.  Airport Plumbing did not understand, acknowledge, agree to, accept, or ratify the procedures utilized by the auditor in conducting the review. (Affidavit of Phyllis Kawolski, ¶ 3)

7.  The procedures used by the auditor when he reviewed the selected payroll records of Airport Plumbing did not constitute an audit made in accordance with generally accepted auditing standards. (See Defendant's Exhibit 1, ¶ 1; Plaintiffs' Exhibit C to the Complaint, third page).

8.  According to the report of the auditor, the report "is intended <u>solely for the information</u> of the Employer and the East Central Illinois Pipe Trades Health and Welfare Fund <u>and should not be used by those who have not agreed to the procedures</u> and taken responsibility for the sufficiency of the procedures for their purposes." (See Plaintiffs' Exhibit C to the Complaint, third page) (emphasis added).

### III. APPLICABLE LAW

Summary judgment is proper when the pleadings and the evidence on file show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the Court must determine whether the facts in the record, and all reasonable inferences drawn there from, when viewed in the light most favorable to the non-moving

party, show any genuine issue of material fact. Rule 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When faced with a motion for summary judgment that meets this standard, the non-moving party must introduce specific facts showing there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

Under Rule 56(c), "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) (admissions made under Rule 36 can serve as the factual predicate for summary judgment).

## IV. ARGUMENT

Defendant Airport Plumbing is entitled to summary judgment on the claim asserted by Plaintiffs because the supposed audit performed by Plaintiffs, the only basis for their claim for the contributions they allege Airport Plumbing owes, is inadequate as a matter of law to support their claim. Plaintiffs' auditor admits the purported "audit" was not made in accordance with generally accepted auditing standards and is not intended for use by persons who have not agreed to the procedures and have not taken responsibility for the sufficiency of the procedures utilized.

As stated above, the Funds seek to recover from Defendant fringe benefit contributions in the amount of $30,425.00 allegedly owed to Plaintiffs for the time period of January 1, 1998 to December 31, 2002. The Funds also seek to recover their audit costs and attorneys' fees.

In support of the amount claimed, Plaintiffs rely on the purported audit report of their

auditors, Romolo & Associates (See Plaintiffs' Exhibits C and D). However, the undisputed facts show that the "audit" was not made in accordance with generally accepted auditing standards. The auditor specifically declined to express an opinion on any of the accounts or items referred to in the report. (See Exhibit C to the Complaint, third page) ("Because the procedures described in the [attached] supplement do not constitute an audit made in accordance with generally accepted auditing standards, we do not express an opinion on any of the accounts or items referred to in this report."). Additionally, the procedures used by the auditor in conducting the "audit" of selected payroll records of Airport Plumbing during the time period in question were specified by Plaintiffs. (See Exhibit C to the Complaint, third page) ("At your [the Funds] request, we have applied certain agreed upon procedures specified by East Central Illinois Pipe Trades Health & Welfare Fund as described in the attached supplement, to the selected payroll and related records of Airport Plumbing & Heating . . ."). Thus, it is established that the procedures utilized were not independently created for the purposes of determining the compliance of Airport Plumbing with any collective bargaining agreement. Such an "audit" cannot be used to establish any liability of Defendant.

Audits not made in accordance with generally accepted auditing standards, but instead based on procedures specified by Plaintiffs, constitute an insufficient factual basis for Plaintiffs to claim fringe benefit contributions are due them from Airport Plumbing. *Paddack v. Christensen Inc.*, 745 F.2d 1254, 1257-59 (9th Cir. 1984) (trial court properly refused to admit as a business record an untrustworthy audit that was not conducted in accordance with generally accepted accounting standards, but was instead prepared for the purpose of litigation at the bequest of trustees to determine an employer's compliance

with collective bargaining agreements); *compare Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S 559, 567-68, 105 S.Ct. 2833 (1985) (audit that conformed to generally accepted auditing standards of the accounting profession was reasonable under the trust agreements to establish the amount of contributions the employer owed).

If the auditor who performed this "audit" is unwilling to unqualifiedly affirm the validity of the audit, which admittedly failed to conform to generally accepted auditing standards of the accounting profession, Plaintiffs are not entitled to rely on such an audit to establish what Plaintiffs allege are the fringe benefit contributions amounts owed by Airport Plumbing as a matter of law. *Paddack*, *supra*; *Central States, Southeast and Southwest Areas Pension Fund*, *supra*. This is especially true due to the auditor's disclaimer that its report should not be used by anyone who did not agree to nor take responsibility for the sufficiency of the procedures used to conduct the audit. Neither Defendant nor this Court agreed to the procedures used nor took responsibility for the sufficiency of the procedures used to conduct the audit. (See Affidavit of Phyllis Kawolski). Thus, under the express terms by which the audit was conducted, this audit cannot be used in an attempt to prove that Airport Plumbing owes any contributions.

Nor can Plaintiffs bolster the insufficiency of the "audit" with testimony by their expert, Joseph Romolo. As more fully discussed in Defendant's Motion to Strike Plaintiffs' Disclosure of Expert and to Exclude Expert Testimony and Evidence and the supporting memorandum, Plaintiffs' use of such evidence is barred by their failure to comply with Rule 26(a)(2), Fed.R.Civ.P. in this case.

The Court should grant summary judgment in favor of Airport Plumbing due to the

inadequacy of the purported audit and the inability of Plaintiffs' to establish otherwise that the amount claimed is owed by Defendant.

## V. CONCLUSION

For all the foregoing reasons, the Court should grant Defendant's motion for summary judgment as a matter of law on Plaintiffs' Complaint.

        Respectfully submitted,

        BOBROFF, HESSE,
        LINDMARK & MARTONE, P.C.

BY:   s/ Richard P. Perkins
        Andrew J. Martone, #06203524
        Vanessa K.R. Keith, of counsel
        Richard P. Perkins, of counsel
        7730 Forsyth Boulevard, Suite 200
        St. Louis, MO 63105
        (314) 862-0300
        Fax: (314) 862-7010
        andymartone@bobroffhesse.com
        richperkins@bobroffhesse.com

        Attorneys for Defendant Airport Plumbing and Heating, Inc

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following :

James P. Moody
Cavanagh & O'Hara
407 East Adams Street
P.O. Box 5043
Springfield, Illinois  62705
*Attorneys for Plaintiffs*

        s/ Richard P. Perkins