**E-FILED**
Friday, 22 July, 2005  01:19:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUNDS and STEAMFITTERS LOCAL NO. 353,<br><br>Plaintiffs,<br><br>Vs.<br><br>AIRPORT PLUMBING AND HEATING, INC.<br><br>Defendant. | Cause No. 04-1059 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' DISCLOSURE OF EXPERT AND TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE**

Defendant Airport Plumbing and Heating, Inc., submits this memorandum in support of Defendant's Motion to Strike Plaintiffs' Disclosure of Expert and to Exclude Expert Testimony and Evidence.

Plaintiffs filed the Complaint in this case on February 25, 2004. Plaintiffs attached to the Complaint their Exhibit C, a document entitled "Statement of Additional Reportable Hours for Airport Plumbing & Heating for the Period January 1, 1998 to December 31, 2002," (hereafter "Plaintiffs' Expert Report") prepared by Romolo & Associates.

Under the discovery plan in this case, the parties are required to comply with Rule 26(a)(2). Specifically, plaintiffs were required to comply with Rule 26(a)(2) on or before June 17, 2005. (Joint Motion to Modify Scheduling Plan; March 31, 2005 Text Order) On or about June 14, 2005, Plaintiffs served their Disclosure of Expert, including

Plaintiffs' Expert Report and his curriculum vitae. (See attached Defendant's Exhibit 1, Plaintiffs' Disclosure of Expert)

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of experts; it provides in pertinent part as follows:

> (2) *Disclosure of Expert Testimony.*
> (A)  In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
> (C) These disclosures shall be made at the times and in the sequence directed by the court. . . .

Fed.R.Civ.P. 26(a)(2). In *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 fn. 6 (7th Cir. 1998), the Seventh Circuit laid out the requirements of disclosure under Rule 26(a)(2).

> Rule 26(a) expert reports must be "detailed and complete." A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources. Expert reports must not be sketchy, vague or preliminary in nature. Disclosures must not be used as a means to extend a discovery deadline. Expert

reports must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions.

*Salgado*, 150 F.3d at 742 n. 6 (citations omitted).

The consequences for failure to disclose experts are set out in Rule 37(c).

> (c) FAILURE TO DISCLOSE; FALSE OR MISLEADING DISCLOSURE; REFUSAL TO ADMIT.
> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed.R.Civ.P. 37(c)(1). A party's failure to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a) results in automatic and mandatory exclusion of expert testimony, unless the party to be sanctioned can show its violation of Rule 26 was either justified or harmless. *Finley v. Marathon Oil Company*, 75 F.3d 1225, 1230 (7th Cir. 1996).

Plaintiffs' expert disclosures fall significantly short of the clearing the bar set by Rule 26(a)(2), as discussed in *Salgado*. Rule 26(a)(2) requires a "<u>complete</u> statement of <u>all</u> opinions to be expressed <u>and</u> the basis and reasons therefore; [and] the data or other information considered by the witness in forming the opinions." Fed.R.Civ.P. 26(a)(2)(B) (emphasis added). The report of Plaintiffs' expert, which contains one page of vague statements, a list of generalized procedures, and a series of conclusory charts, does not meet these requirements.

Plaintiffs' expert report provides no opinions upon which this Court can rely. While Plaintiffs' expert states that he "believes" additional contributions in the amount of $30,425.00 are due, critically, this statement of "belief" follows an express disclaimer that he is giving any opinion in the report: "Because the procedures described in the supplement do not constitute an audit made in accordance with generally accepted auditing standards, <u>we do not express an opinion on any of the accounts or items referred to in this report</u>." (Plaintiffs' Expert Report, third page, second and third paragraphs) (emphasis added)  Furthermore, the expert states the procedures used were <u>established by the Funds</u>, procedures which he refuses to state are sufficient and which he affirmatively states do not constitute an audit in accordance with generally accepted auditing standards. (Plaintiffs' Expert Report, third page, first and second paragraphs)  Finally, the expert states the report "is intended <u>solely for the information</u> of the Employer and the East Central Illinois Pipe Trades Health and Welfare Fund <u>and should not be used by those who have not agreed to the procedures</u> and taken responsibility for the sufficiency of the procedures for their purposes." (Plaintiffs' Expert Report, third page, final paragraph)  A statement of what the expert "believes" which is so qualified and disclaimed cannot be reasonably relied upon as an opinion in compliance with Rule 26(a)(2).

Setting aside, for purposes of argument only, the failure of Plaintiffs' expert even to state a cognizable opinion, Plaintiffs' expert does not state plainly and in detail the basis and reasons for any opinion given or the data and other information he considered.  Plaintiff's expert makes a statement that he "believes" Defendant owes Plaintiffs additional contributions.  How Plaintiffs' expert reached this conclusion is not

4

clearly spelled out in the report. The charts show a series of calculations, but the methods of calculation and the evidentiary basis for using those calculations are not explained. The charts also show purported summaries of allegedly unreported hours, but the basis for these summaries and the data and information underlying the summaries is stated only vaguely in the "Supplement for Agreed Upon Procedures." (Plaintiffs' Expert Report, fourth page).

1. Obtained a basic understanding of the Employer's payroll and fringe benefit reporting system.

2. Obtained access to some or all of the following accounting records from the Employer:

    * Weekly payroll

    * Individual earnings records

    * State unemployment tax Forms, UC-3s

    * Federal payroll tax Forms 941s, 940s, and/or W-2s

    * Other trades fringe benefit reports

    * The monthly remittance reports for your Fund

    * Job cost records

    . . .

5. Reviewed findings with Employer at conclusion of procedures and discussed possible delinquencies.

(Plaintiffs' Expert Report, fourth page) From these statements it is not clear exactly what the expert did, who he spoke to, or even exactly which documents he "obtained access to." These vague statements neither shortcut the need for discovery regarding the expert's opinions, nor do they do not comply with the specificity or detail required by Rule 26(a)(2).

Plaintiffs failed to comply with Rule26(a)(2).  Rather than providing unqualified opinions, details, reasons and evidence to minimize the need for discovery, the report of Plaintiffs' expert creates ambiguity, opacity, and questions.  Whatever purpose the report tendered by Plaintiffs serves for Plaintiffs or their counsel, it does not serve as an adequate expert report under Rule 26(a)(2).  Plaintiffs have had the report of their expert at least since they filed their complaint on February 25, 2004.  Further, the deadline for the disclosure was extended seven months, from November 19, 2004 to June 17, 2005.  Plaintiffs base their entire claim upon this report.  Given these facts, Defendant submits Plaintiffs cannot justify their inadequate disclosure.  For the reasons stated, Defendant requests that the Court (1) strike Plaintiffs' Disclosure of Expert and (2) bar Plaintiffs from using at trial or in a dispositive motion both the testimony of Joseph Romolo as experts for Plaintiffs and Plaintiffs' Exhibit C, the Statement of Additional Reportable Hours for Airport Plumbing & Heating for the Period January 1, 1998 to December 31, 2002.

        Respectfully submitted,

        BOBROFF, HESSE,
        LINDMARK & MARTONE, P.C.

        BY:   s/ Richard P. Perkins
              Andrew J. Martone, #06203524
              Vanessa K.R. Keith, of counsel
              Richard P. Perkins, of counsel
              7730 Forsyth Boulevard, Suite 200
              St. Louis, MO 63105
              (314) 862-0300
              Fax: (314) 862-7010
              andymartone@bobroffhesse.com
              richperkins@bobroffhesse.com

              Attorneys for Defendant Airport Plumbing and Heating, Inc

## CERTIFICATE OF SERVICE

      I hereby certify that on July 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following :

James P. Moody
Cavanagh & O'Hara
407 East Adams Street
P.O. Box 5043
Springfield, Illinois  62705
*Attorneys for Plaintiffs*

                                                s/ Richard P. Perkins