**E-FILED**
Friday, 05 August, 2005  04:17:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS | ) | |
| PIPE TRADES HEALTH & WELFARE FUND, | ) | |
| PLUMBERS & PIPEFITTERS FRINGE | ) | |
| BENEFITS FUND and STEAMFITTERS LOCAL | ) | |
| NO. 353, | ) | |
| | ) | |
| Plaintiffs, | ) | No.  04-1059 |
| | ) | |
| vs. | ) | |
| | ) | |
| AIRPORT PLUMBING AND HEATING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
ITS RESPONSE TO DEFENDANT'S MOTION
TO STRIKE PLAINTIFFS' DISCLOSURE OF EXPERT AND
TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE**

Plaintiffs submit this memorandum in support of its Response to Defendant's Motion to Strike Plaintiffs' Disclosure of Expert and to Exclude Expert Testimony and Evidence.

Defendant asserts that Plaintiffs' expert disclosure did not comply with Rule 26(a)(2) which requires a "complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness for the opinion." Fed.R.Civ.P. 26(a)(2)(B).  Plaintiffs could not disagree more.  The Defendant knows exactly what Joseph Romolo's opinion/conclusion is and what data and information he considered to reach such opinion/conclusion.  The Defendant is simply attempting to use a procedural argument to salvage this case.

Joseph Romolo's opinion/conclusion is that the Defendant employed Donald Theinert for the period from January 1, 1998 to December 31, 2002, and further that the Defendant did not pay fringe benefit contributions on his behalf to Plaintiffs or any other employee benefit plan.

The opinion/conclusion is stated in the third paragraph of Joseph Romolo's report which reads as follows: "In connection with the above procedures, certain matters came to our attention that caused us to believe that additional Employer contributions, as shown in the amounts due, were due the Funds in the amount of $30,425.00." (**See** paragraph 7 of Affidavit of Joseph Romolo attached hereto as Exhibit A.)   A statement of belief is an opinion.  This same paragraph further states that the basis and reason for the expert's opinion/conclusion were the procedures performed.  (**See** paragraph 8 of Affidavit of Joseph Romolo attached hereto as Exhibit A).  The agreed-upon procedures included in the expert's report and performed by Romolo & Associates were as follows:

    1.    Obtained a basic understanding of the Employer's payroll and fringe benefit reporting system.

    2.    Obtained access to some or all of the following records from the Employer:

- Weekly payroll,
- Individual earning records,
- State unemployment tax form, UC-3s,
- Federal payroll tax Forms 941s, 940s and/or W-2s,
- Other trades fringe benefit reports,
- The monthly remittance reports for the Funds, and
- Job cost records.

    3.    To determine that we were provided with the Employer's entire payroll, we agreed gross wages per the Employer's payroll records to its payroll tax records on a test basis.

    4.    In order to determine that all hours for covered work were properly reported to the Funds, we performed the following test procedures:

- Determined classifications of employees and union affiliation,
- Compared hours worked by covered employees to the hours reported on the Employer's monthly remittance reports, and
- Reported all hours as due for employees whose occupation could not be determined.

5.     Reviewed findings with the Employer at the conclusion of the procedures and discussed possible delinquencies. (**See** paragraph 6 of Affidavit of Joseph Romolo attached hereto as Exhibit A and "Supplement For Agreed Upon Procedures" on the fourth page of the expert's report).

In short, Plaintiffs have disclosed that Romolo and Associates reconciled the Defendant's payroll records to the payroll information that the Defendant submitted to the Internal Revenue Service and the Illinois Department of Employment Security.  The reconciliation was to determine that the payroll records were complete.  The employees listed in the payroll records were then compared to those employees reported to Plaintiffs on the contribution reporting forms.  These procedures were conducted in accordance with the standards established by the American Institute of Certified Public Accountants (AICPA).  (**See** paragraph 3 of Affidavit of Joseph Romolo attached hereto as Exhibit A and the first paragraph of "Independent Accountant's Report On Applying Agreed-Upon Procedures" in the expert's report). The procedures were specifically designed to determine if the Defendant had complied with the reporting provisions of the Trust.  (**See** the first paragraph of "Independent Accountant's Report On Applying Agreed-Upon Procedures" and paragraph 5 of Affidavit of Joseph Romolo attached hereto as Exhibit A).  Plaintiffs believe that such procedures are sufficient to determine compliance.  In fact, it is the industry standard to apply such procedures to contributing employer's records.  (**See** paragraph 4 of Affidavit of Joseph Romolo attached hereto as Exhibit A).  Contrary to Defendant's assertions, Joseph Romolo plainly states in detail the basis and reasons for his opinion/conclusion.

Based on the procedures performed, Joseph Romolo's opinion/conclusion is that the Defendant employed Donald Theinert for the period and failed to pay fringe benefit

contributions on his behalf.  This really is not an opinion/conclusion but rather a fact. For these reasons, Plaintiffs strongly believe that its expert disclosure meets the requirements of Rule 26(a)(2).

The Defendant attempts to confuse the issue by making reference to the fact that the procedures did not constitute an audit conducted in accordance with generally accepted auditing standards (GAAS).  Such an audit would be costly and time consuming.  (**See** paragraph 5 of Affidavit of Joseph Romolo attached hereto as Exhibit A).  To conduct a GAAS audit, the auditors would have to verify the employer's records one hundred percent (100%) with the Internal Revenue Service and Illinois Department of Employment Security.  Such audit costs would have to be absorbed by the employer. (**See** paragraph 5 of Affidavit of Joseph Romolo attached hereto as Exhibit A).  A GAAS audit to determine compliance with the Trust Agreement is an unnecessary waste of time and money and is not the industry standard.  (**See** paragraphs 4 and 5 of Affidavit of Joseph Romolo attached hereto as Exhibit A).  The agreed-upon procedures are sufficient to determine compliance and are done pursuant to the AICPA's standards.  The employer's records are accepted as true and accurate and are not "audited or verified" for  authenticity.  The employee benefit plans assume this risk for the benefit of the employer.  Such procedures are reasonably relied upon by employee benefit plans because they are sufficient to determine compliance.  Even if Plaintiffs conducted a costly GAAS audit of the Defendant's financial statements, the GAAS standards only permit the accountant to provide negative assurance with regard to compliance with the terms of a contract.  (**See** page 1098 of AICPA Professional Standards attached hereto as Exhibit B).

Assuming for sake of argument that Plaintiffs' expert disclosure is insufficient, such

4

deficiency is harmless.  The undisputed facts in this case are:

1.     The Defendant employed Donald Theinert for the period from January 1, 1998 to December 31, 2002.

2.     The Defendant is a signatory contractor with Plumber Local 63 and is required to make fringe benefit contributions for all employees who perform covered work.

3.     Plumbing is work covered under the applicable labor agreement.

4.     The Illinois Department of Public Health has confirmed that Donald Theinert was issued a Plumber's license on May 11, 1976.  (See Exhibit C).

5.     The Defendant did not make contributions to Plaintiffs on behalf of Donald Theinert.

 The Defendant need not depose Plaintiffs' expert or conduct additional discovery to substantiate these facts which were derived from the Defendant's own records.  Joseph Romolo's expected testimony is plainly disclosed in his report and in this brief.

Further, Defendant's counsel never communicated with Plaintiffs' counsel regarding any deficiency in the expert disclosure report.  Had Defendant's counsel contacted Plaintiffs' counsel, as contemplated under the Federal Rules of Civil Procedure, Plaintiffs would have supplemented the disclosure.  Plaintiffs' disclosure was made in good faith and is justified.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant's Motion to Strike Plaintiffs' Disclosure of Expert and to Exclude Expert Testimony and Evidence.

Respectfully submitted,

TRUSTEES OF EAST CENTRAL ILLINOIS PIPE
TRADES HEALTH & WELFARE FUND,
PLUMBERS & PIPEFITTERS FRINGE
BENEFITS FUND and STEAMFITTERS LOCAL
NO. 353, Plaintiffs,


By:    s/ James P. Moody
      **CAVANAGH & O'HARA**
      407 East Adams Street
      Post Office Box 5043
      Springfield, IL 62705
      Telephone: 217-544-1771
      Facsimile: 217-544-9894
      jim@cavanagh-ohara.com

6

## **CERTIFICATE OF SERVICE**

I certify on August 5, 2005, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew J. Martone
Richard P. Perkins
7730 Forsyth Boulevard, Suite 200
St. Louis, MO 63105
Attorneys for Defendant

s/ James P. Moody _____
**CAVANAGH & O'HARA**
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: 217-544-1771
Facsimile: 217-544-9894
jim@cavanagh-ohara.com

F:\files\ECIPT\Airport\memooflaw.wpd

7