E-FILED
Friday, 12 August, 2005 09:11:31 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUND and STEAMFITTERS LOCAL NO. 353, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 04-1059 |
| vs. | ) ) ) | |
| AIRPORT PLUMBING AND HEATING, INC., | ) ) | |
| Defendant. | ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COME Plaintiffs, TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, and pursuant to Fed.R.Civ.P 56 and C.D. IL. Local Rule 7.1 (D)(2), submit its Response to Defendant's Motion for Summary Judgment.

I.   INTRODUCTION

The Defendant asserts that because Plaintiffs' payroll compliance audit was not conducted in accordance with generally accepted auditing standards (GAAS), as a matter of law, such audit cannot be used as evidence in support of Plaintiffs' claim that Defendant owes Plaintiffs fringe benefit contributions in the amount of $30,425.00. The Defendant cites the Ninth Circuit case of *Paddack v. Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984), in support of its argument; however, the Defendant's characterization of that case is completely misplaced. The Court's only reference to GAAS is in footnote three (3) to define an audit of financial

statements in accordance with GAAS which purpose is to express an opinion on whether the financial statements present fairly the financial position, results of operations and changes in financial position in conformity with generally accepted accounting principles. *Id.* at 1257. The Court in *Paddack* did not hold that a payroll compliance audit must be performed in accordance with GAAS to be admissible in an ERISA collection action. The Court held that the audit report was admissible to explain the basis of the expert's opinion. *Id.* at 1264. The Court further held that the audit report was admissible to the extent that it was prepared from the employer's admissible business records and not based on inadmissable hearsay ("information from union sources that indicate that [an] employee [had] worked for the employer but was not reported [on the Employer's records]". *Id.* at 1259. Plaintiffs' payroll audit report is admissible in evidence for the purpose of explaining the expert's report, (Fed.R.Evid. 703), as a business record, (Fed.R.Evid. 803(6)), and as a Summary (Fed.R.Evid. 1006). Further, this motion is premature in that the parties are conducting discovery through September 23, 2005.

II.    RESPONSE TO ALLEGEDLY UNDISPUTED MATERIAL FACTS

UNDISPUTED MATERIAL FACTS

1.    Defendant's Section II, #1:    Plaintiffs admit that the Funds are maintained and administered pursuant to LMRA and ERISA and that its place of business is in Indianapolis, Indiana.

2.    Defendant's Section II, #2:    Plaintiffs admit that Defendant is an Illinois business with its place of business in Bartonville, Illinois.

3.    Defendant's Section II, #3:    Plaintiffs admit that it retained Romolo & Associates to perform a payroll compliance examination of Airport Plumbing & Heating, Inc. for

the period from January 1, 1998 through December 31, 2002 in accordance with the standards set forth by the American Institute of Certified Public Accountants (AICPA).

4.  Defendant's Section II, #8:  Plaintiffs admit that the report was intended for the information of Airport Plumbing & Heating, Inc. and Plaintiffs and to determine if Airport Plumbing complied with the trust agreements.  The report should not be used by a third party for any other purpose unless the third party agrees that the procedures performed are sufficient for that third party's purpose.

## MATERIAL FACTS CLAIMED TO BE DISPUTED

5.  Defendant's Section II, #4:  Plaintiffs are not relying solely on the audit report to determine the amounts due and owing.  Plaintiffs are relying on the Defendant's payroll records, remittence reports submitted to Plaintiffs, public records of the Illinois Department of Public Health verifying that Donald Theinert was a licensed Plumber during the examination period, trust agreement and a participation agreement.  Plaintiffs may rely on other information as it conducts discovery.  The cutoff date for discovery in this case is not until September 23, 2005.

## FACTS CLAIMED TO BE IMMATERIAL TO THE MOTION

6.  Defendant's Section II, #5:  It is immaterial that the auditors used procedures established by Plaintiffs.  The examination was conducted in accordance with the standards established by the AICPA solely to determine if the Defendant complied with the trust agreements.  (See Paragraph one of "Independent Accountant's Report on Agreed-Upon Procedures" in Exhibit C to the Complaint).

7.  Defendant's Section II, #6:  It is immaterial and absolutely irrelevant whether Airport Plumbing understood, acknowledged, agreed, or ratified the procedures used by the

3

auditor.

8.  Defendant's Section II, #7: For the reasons stated in number 6 above, it is immaterial that the examination was not conducted in accordance with the generally accepted auditing standards. The AICPA standards for a payroll audit are reasonable and appropriate. *Illinois Conference of Teamster and Employers Welfare Fund v. Steve Gilbert Trucking*, 953 F.Supp 1026, 1029 (7th Cir. 1997).

ADDITIONAL MATERIAL FACTS CLAIMED
TO DEFEAT THE MOTION FOR SUMMARY JUDGMENT

9.  Airport Plumbing & Heating, Inc. signed The Supplemental Agreement for Contractors and/or Associations not affiliated with the Tri-County Association of Plumbers and Mechanical Contractors (Participation Agreement), effective May 1, 1989. (See Exhibit A to Plaintiffs' Complaint).

10.  The above Participation Agreement covers the wages, hours, and other working conditions of Plumbers, including the payment of fringe benefit contributions to Plaintiffs. (See Exhibit A to Plaintiffs' Complaint).

11.  Donald Theinert was an employee of Airport Plumbing & Heating, Inc. for the period from January 1, 1998 through December 31, 2002. (See "NOTES TO AGREED UPON PROCEDURES" in Exhibit C of Plaintiffs' Complaint; See Paragraph A4 of Defendant's Amended Disclosures Under Rule 26(a)(1) attached hereto as Exhibit 1).

12.  Donald Theinert became a licensed Plumber on May 11, 1976. (See copy of the public record titled "License Verification" from the Illinois Department of Public Health attached hereto as Exhibit 2).

13.     Airport Plumbing & Heating, Inc. failed to pay any fringe benefit contributions to Plaintiffs on behalf of Donald Theinert who worked for the company as a Plumber for the period from January 1, 1998 through December 31, 2002.  (See "NOTES TO AGREED UPON PROCEDURES" in Exhibit C of Plaintiffs' Complaint; See Paragraph 7 of Affidavit of Joseph Romolo attached hereto as Exhibit 3).[1]

III.    APPLICABLE LAW

1.      *Paddack v. Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984) - case on which Defendant relies for its contention that Plaintiffs' audit report is inadequate "as a matter of law."

2.      *Illinois Conference of Teamster and Employers Welfare Fund v. Steve Gilbert Trucking*, 953 F.Supp 1026, 1029  (7th Cir. 1997) - Seventh Circuit case illustrating that payroll compliance audits conducted in accordance with AICPA standards are reasonable and appropriate.

3.      Federal Rule of Evidence 703 - Rule which provides that a payroll audit report is admissible in evidence for the purpose of explaining the expert's report.

4.      Federal Rule of Evidence 803(6) - Rule which provides that a payroll audit report is admissible in evidence as a business record.

5.      Federal Rule of Evidence 1006 - Rule which provides that a payroll audit report is admissible in evidence as a Summary.

---

[1] The original Affidavit of Joseph Romolo was previously filed with the Court as Exhibit A to Plaintiffs' Memorandum of Law in Support of It Response to Defendant's Motion to Strike Plaintiffs' Disclosure of Expert . . .

IV.   ARGUMENT

Defendant's argument is that the payroll compliance audit conducted by Romolo & Associates is inadequate "as a matter of law" because it was not conducted in accordance with GAAS. However, the Defendant has failed to cite any legal authority in support of such a notion. The Defendant attempts to use the Ninth Circuit case of *Paddack v. Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984), in support its argument. However, Defendant's characterization of that case is completely misplaced. The Court's only reference to GAAS in *Paddack* is in footnote three (3) to define an audit of financial statements in accordance with GAAS. The purpose of such audit is to express an opinion on whether the financial statements present fairly the financial position, results of operations and changes in financial position in conformity with generally accepted accounting principles. *Id.* at 1257. The purpose of Romolo's payroll compliance audit was limited in scope to determining whether the Defendant employer had complied with the trust agreement. There was no need to perform a GAAS audit of the entire company to determine that Donald Theinert was employed by the Defendant or that the Defendant failed to pay fringe benefit contributions on Mr. Theinert's behalf. There was no need to perform a GAAS audit of the entire company to determine that Donald Theinert performed covered work (Plumber's work). These facts are known by the Defendant and supported by Romolo & Associates' findings in the audit report based solely upon the Defendant's records. (See Paragraphs 1 through 8 of Affidavit of Joseph Romolo attached hereto as Exhibit 3). The Defendant has admitted that Donald Theinert was an employee during the audit period. (See Paragraph A4 of Defendant's Amended Disclosures Under Rule 26(a)(1) attached hereto as Exhibit 1). The Defendant's remittance reports reviewed during the audit revealed that no contributions were

6

paid on Donald Theinert's behalf. (See Paragraph 7 of Affidavit of Joseph Romolo attached hereto as Exhibit 3). That is the subject matter of this lawsuit. The Defendant has not raised the defense that it paid such contributions.

Romolo's examination was conducted in accordance with the standards established by the AICPA. (See Paragraph one of "Independent Accountant's Report on Agreed-Upon Procedures" in Exhibit C to the Complaint). The report was intended for the information of Airport Plumbing & Heating, Inc. and Plaintiffs. Id. at last paragraph. The report was not intended to be used by a third party for any other purpose unless the third party agrees that the procedures performed are sufficient for that third party's purpose. The procedures were designed solely to determine if the Defendant complied with the trust agreements. *Id.* As Judge Richards Mills stated in *Illinois Conference of Teamster and Employers Welfare Fund v. Steve Gilbert Trucking*, 953 F.Supp 1026, 1029 (7th Cir. 1997), an examination in accordance with AICPA standards are reasonable and appropriate. In fact, it is the industry standard to perform payroll audits in accordance with the AICPA standards. (See Paragraph 4 of Affidavit of Joseph Romolo attached hereto as Exhibit 3). Romolo and Associates conducts 250 to 300 of these examinations annually for employee benefit funds. *Id.* It is immaterial that the auditors used procedures established by Plaintiffs or whether Airport Plumbing & Heating, Inc. understood, acknowledged, agreed, or ratified such procedures. The procedures were sufficient to determine if the Defendant employer complied with the applicable agreements.

The Defendant signed the Supplemental Agreement for Contractors and/or Associations not affiliated with the Tri-County Association of Plumbers and Mechanical Contractors (Participation Agreement), effective May 1, 1989. (See Exhibit A to Plaintiffs' Complaint).

This Participation Agreement covers the wages, hours, and other working conditions of Plumbers, including the payment of fringe benefit contributions to Plaintiffs. (See Exhibit A to Plaintiffs' Complaint). The Illinois Department of Public Health has confirmed that Donald Theinert was and is a licensed Plumber. (See public record titled "License Verification" from the Illinois Department of Public Health attached hereto as Exhibit 2). Thus, the Defendant is liable to Plaintiffs for fringe benefit contributions on behalf of Mr. Theinert. The audit report supports these facts.

Further, in *Paddack*, the Court did not hold that payroll audits not performed in accordance with GAAS are inadequate "as a matter of law." *Paddack* held that the audit report was in fact admissible to explain the basis of the expert's opinion. *Paddack v. Christensen, Inc.*, 745 F.2d 1254, 1264 (9th Cir. 1984). The Court also held that the audit report was admissible as a Summary (Fed.R.Evid. 1006) to the extent that it was prepared from the employer's admissible, underlying business records and not based on inadmissable hearsay. *Id.* at 1259. In *Paddack*, the auditors obtained information from the employer's records and "information from union sources that indicate that [an] employee [had] worked for the employer but was not reported [on the Employer's records]." *Id.* at 1259. The Court stated that the information obtained from the employer's underlying business records were <u>admissible</u>, but the information from union sources was inadmissible hearsay. *Id.* The *Paddack* Court further stated that the audit report did not qualify as a business record because it was prepared (in the Court's eyes) for the purpose of litigation and not kept in the ordinary course of business. *Id.* at 1258. It is important to note Judge Reinhardt's dissent in *Paddack*:

"I dissent from the majority's conclusion that the audit reports are inadmissible under

Rule 1006. The audit here was a normal, run of the mill trust fund audit conducted by Touche Ross, one of the Big Eight accounting firms. The strictures the majority suggests are applicable to the admissibility of such audits would render trust fund actions against delinquent or dishonest employers impractical. I believe, however, that despite the implications <u>the opinion will be readily distinguishable and of limited future applicability because of its dependence on the factual assumptions and speculative hypothesis</u> set forth in footnote 9 . . . [T]he majority opinion should be limited to the peculiar, if not necessarily accurate, "facts" upon which it relies. See Majority Opinion footnotes 9 and 10." *Id.* at 1264 and 1265. (emphasis added).

In the case at bar, Romolo & Associates' audit report was not based on hearsay but rather on entries from the employer's admissible records such as the weekly payroll records, individual earning records, State unemployment tax form UC-3s, Federal payroll tax Forms 941s, 940s and/or W-2s, monthly remittance reports, and job cost records. (See Paragraph 6 of Affidavit of Joseph Romolo attached hereto as Exhibit 3). In addition, the audit was performed as a part of Plaintiffs' random audit process in the regular course of business and not for purposes of litigation. (See Affidavit of Michelle Shadid attached hereto as Exhibit 4). These facts distinguish this case from *Paddack*. Plaintiffs, like dissenting Judge Reinhardt, believe that the future applicability of *Paddack* is limited because of its dependence on "assumptions and speculative hypothesis."

Finally, this Motion for Summary Judgment is premature in that discovery continues until September 23, 2005. Plaintiffs have such time to bolster the audit report if they feel additional evidence is needed for trial. Defendant's motion is appropriate only as a pre-trial motion in limine, which motion is premature.

V.   CONCLUSION

The Defendant has cited no legal authority for its assertion that Plaintiffs' audit report is inadequate "as a matter of law." On the contrary, the payroll audit report is admissible for the

9

purpose of explaining the expert's report, (Fed.R.Evid. 703), as a business record, (Fed.R.Evid. 803(6)), and as a Summary (Fed.R.Evid. 1006). In addition, the parties are in discovery and Defendant's motion is premature. For the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion for Summary Judgment be denied.[2] [3]

Respectfully submitted,

TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUND and STEAMFITTERS LOCAL NO. 353, Plaintiffs,

By:   s/ James P. Moody
**CAVANAGH & O'HARA**
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: 217-544-1771
Facsimile: 217-544-9894
jim@cavanagh-ohara.com

---

[2] Plaintiffs have filed a Cross Motion for Summary Judgement contemporaneously with this Response.

[3] If the Court finds merit in the Defendant's argument, Plaintiffs seek leave to conduct an audit of the company in accordance with generally accepted auditing standards.

10

## CERTIFICATE OF SERVICE

    I certify on August 12, 2005, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Andrew J. Martone
>Richard P. Perkins
>7730 Forsyth Boulevard, Suite 200
>St. Louis, MO 63105
>Attorneys for Defendant

>s/ James P. Moody
>**CAVANAGH & O'HARA**
>407 East Adams Street
>Post Office Box 5043
>Springfield, IL 62705
>Telephone: 217-544-1771
>Facsimile: 217-544-9894
>jim@cavanagh-ohara.com

F:\files\ECIPT\Airport\Response.sumjudge.wpd