E-FILED
Friday, 05 August, 2005  09:17:44 AM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS      )
                       ) ss
COUNTY OF PEORIA       )

# AFFIDAVIT

JOSEPH ROMOLO, being duly sworn, on oath states as follows:

1. That I am the owner and manager of Romolo & Associates, Certified Public Accountants.

2. That Romolo & Associates, Certified Public Accountants, applied agreed-upon procedures to the payroll and related records of Airport Plumbing and Heating, Inc. for the period from January 1, 1998 to December 31, 2002 and issued its Independent Accountant's Report On Applying Agreed-Upon Procedures dated April 11, 2003.

3. Such engagement was performed in accordance with the standards established by the American Institute of Certified Public Accountants.

4. Romolo & Associates, Inc. conducts approximately 250 to 300 agreed-upon procedure examinations annually on behalf of employee benefit funds. The industry standard is to conduct agreed-upon procedures rather than an audit in accordance with generally accepted auditing standards. To conduct an actual "payroll audit" in accordance with such standards, we would have to audit the financial statements of Airport Plumbing and Heating, Inc.

5. The agreed-upon procedures were designed solely to determine if the data submitted by Airport Plumbing and Heating, Inc. was in compliance reporting provisions of the East Central Illinois Pipe Trades Health & Welfare Fund Trust Agreement. An audit in accordance with generally accepted auditing standards would be one hundred percent (100%) related to the verification of the employer's records through third parties such as the Internal Revenue Service and Illinois Department of Employment Security. Such procedures are very costly and time consuming. The Board of Trustees chooses to accept Airport Plumbing and Heating, Inc.'s records as accurate and true and does not require us to "audit or verify" the authenticity of the employer's records.

6. The agreed-upon procedures performed by Romolo & Associates, Inc. were as follows:

    A. Obtained a basic understanding of the Employer's payroll and fringe benefit reporting system.

EXHIBIT
3

B. Obtained access to some or all of the following records from the Employer:

- Weekly payroll,
- Individual earning records,
- State unemployment tax form, UC-3s,
- Federal payroll tax Forms 941s, 940s and/or W-2s,
- Other trades fringe benefit reports,
- The monthly remittance reports for the Funds.
- Job cost records.

C. To determine that we were provided with the Employer's entire payroll, we agreed gross wages per the Employer's payroll records to its payroll tax records on a test basis.

D. In order to determine that all hours for covered work were properly reported to the Funds, we performed the following test procedures:

- Determined classifications of employees and union affiliation.
- Compared hours worked by covered employees the hours reported on the Employer's monthly remittance reports.
- Reported all hours as due for employees whose occupation could not be determined.

E. Reviewed findings with the Employer at the conclusion of the procedures and discussed possible delinquencies.

In sum, we compared the Employer's payroll records to the hours reported to the Funds and included in our report the employees whose occupation could not be verified.

7. As stated in our report, our finding was that Airport Plumbing and Heating, Inc. employed Donald Theinert for the period from January 1, 1998 to December 31, 2002 and did not make fringe benefit contributions on his behalf to any employee fringe benefit funds. Representative of Airport Plumbing and Heating, Inc. provided no explanation as to why this employee was not reported to any employee fringe benefit funds.

8. Paragraph three (3) of our report states that the basis and reason for our report were the procedures performed in item number 6 above. The data and information that was considered is also listed in item number 6 above.

Further, Affiant sayeth not.

_____
JOSEPH ROMOLO

Subscribed and Sworn to before me this 2nd day of August 2, 2005

"OFFICIAL SEAL"
Teresa A. Davis
Notary Public, State of Illinois
My Commission Exp. 05/04/2009

_____
NOTARY PUBLIC

3