**E-FILED**
Monday, 15 August, 2005  03:05:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUND and STEAMFITTERS LOCAL NO. 353, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.  04-1059 |
| vs. | ) ) | |
| AIRPORT PLUMBING AND HEATING, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiffs, TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, and pursuant to Fed.R.Civ.P. 56 and C.D. IL Local Rule 7.1, move for summary judgment.  In support of this motion, Plaintiffs state the following:

I.      INTRODUCTION

The undisputed facts show that Airport Plumbing and Heating, Inc. has a contractual obligation to pay fringe benefit contributions on behalf of all plumbers that it employs.  A representative for Airport Plumbing and Heating, Inc. signed a Participation Agreement covering the wages and benefits specifically for all plumbers.  The Participation Agreement incorporated applicable labor agreements.  Under the applicable labor agreement, the employer was expressly obligated to pay fringe benefit contributions for all plumbers.  The Defendant employed Donald Theinert during the audit period.  Donald Theinert has been a plumber for thirty years.  Plaintiffs

are therefore entitled to summary judgement in the amount of $30,425.00, plus costs and attorney fees.

II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

UNDISPUTED MATERIAL FACTS

1.    Plaintiff Funds are employee benefit plans maintained and administered pursuant to the Labor Management Relations Act of 1947 and Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et al.*  (See Complaint ¶2, Answer ¶2).

2.    Plaintiff Funds are administered and have their place of business in Indianapolis, Indiana.  (See Complaint ¶2, Answer ¶2).

3.    Defendant is an Illinois business with its place of business in Bartonville, Illinois. (See Complaint ¶5, Answer ¶5).

4.    Airport Plumbing and Heating, Inc. signed The Supplemental Agreement for Contractors and/or Associations not affiliated with the Tri-County Association of Plumbers and Mechanical Contractors (Participation Agreement), effective May 1, 1989.  (See Exhibit A to Plaintiffs' Complaint).

5.    The above Participation Agreement states in pertinent part as follows:

"The undersigned parties by affixing their signatures to this document bind themselves with respect to their adherence to the wages, hours, and other conditions of employment for Plumbers/Steamfitters/Metal Tradesman and their apprentices and probationary applicants employed on UA Jurisdiction of work under the Labor-Management Agreement and its attachments, which are adopted by reference negotiated between the Tri-County Association of Plumbers and Mechanical Contractors and Pipe Trades District Council #34 and affiliated UA Locals #63 and #353.  If a contractor fails to meet his contractual requirements with respect to wages or with respect to making contributions to the trust funds and check-off requirements required by the Standard Form of Agreement, the union shall have the right to secure compliance and the contractor shall be liable for all costs of collecting the payments due under the aforesaid agreement."  (See Exhibit A to Plaintiffs' Complaint).

6.      The Tri-County Association of Plumbers and Mechanical Contractors is now

known as the Mid-Illini Mechanical Contractors Association.  (See page 1, first paragraph of the

"LABOR - MANAGEMENT AGREEMENT, May 1, 1998 through April 30, 2003, Mid-Illini

Mechanical Contractors Association and Plumbers 63 Contract Language", hereinafter referred

to as the "Labor-Management Agreement" attached hereto as Exhibit 1).

7.      The Participation Agreement binds Airport Plumbing and Heating, Inc. to the

above  Labor-Management Agreement and the trust agreement.

8.      The Labor-Management Agreement states in pertinent part as follows:

"The Association and/or Contractor recognizes the Plumbers 63 as the sole and
exclusive collective bargaining agent with respect to wages, hours and other
conditions of employment, for all journeyman plumbers, metal tradesman and
apprentice plumbers."  (See page 1, Article I titled "Recognition", paragraph (A))
(emphasis added).

"It is agreed that this Agreement shall cover all journeymen and apprentice plumbers
employed by a Contractor signatory to this Agreement . . . ."  (See the first paragraph
on page 34, Article XVII  titled "Scope of Work") (emphasis added).

9.      Donald Theinert was an employee of Airport Plumbing and Heating, Inc. for the

period from January 1, 1998 through December 31, 2002.  (See Paragraph A4 of Defendant's

Amended Disclosures Under Rule 26(a)(1)).[1]

10.     The public records of the Illinois Department of Public Health verify that Donald

Theinert was a licensed Plumber during the audit.[2]

11.     A journeymen plumber's wage and benefit package includes contributions to the

East Central Illinois Pipe Trades Health and Welfare Trust Fund.  (See page 47, Section 6 of

---

[1]  See Exhibit 1 to Plaintiffs' Response to Defendant's Motion for Summary Judgment.

[2]  See Exhibit 2 to Plaintiffs' Response to Defendant's Motion for Summary Judgment.

Labor-Management Agreement attached as Exhibit 1).

12.     Plaintiffs retained Romolo & Associates to perform a payroll compliance examination of Airport Plumbing and Heating, Inc. for the period from January 1, 1998 through December 31, 2002.  The examination was conducted in accordance with the standards set forth by the American Institute of Certified Public Accountants (AICPA) solely to determine if the Defendant complied with the Labor-Management Agreement and trust agreement.  (See paragraph one of "Independent Accountant's Report on Agreed-Upon Procedures" in Exhibit C to the Complaint).

13.     The AICPA standards for a payroll audit are reasonable and appropriate.  *Illinois Conference of Teamster and Employers Welfare Fund v. Steve Gilbert Trucking*, 953 F.Supp 1026, 1029  (7th Cir. 1997).

14.     Romolo and Associates' findings in the audit report were that the Defendant owes Plaintiffs fringe benefit contributions, interest and liquidated damages in the amount of $30,425.00 on behalf of Donald Theinert who was a plumber employee of Airport Plumbing and Heating, Inc. for the period from January 1, 1998 through December 31, 2002.  (See "Independent Accountant's Report on Agreed-Upon Procedures" in Exhibit C to the Complaint).

III.    APPLICABLE LAW

1.      *Celotex Corp. v. Catrett*, 477 U.S. 317 - standards for summary judgment.

2.      Federal Rule of Civil Procedure 56(c) - Rule for summary judgment.

3.      *Central States Pension Fund v. Hartlage Truck*, 991 F.2d 1357, 1360 (7th Cir. 1993) - employers are required to make contributions as promised in the collective bargaining agreement.

4.      *Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1389 (7th Cir. 1993) - standard for ambiguous terms in a contract.

5.      *Illinois Conference of Teamster and Employers Welfare Fund v. Steve Gilbert Trucking*, 953 F.Supp 1026, 1029  (7th Cir. 1997) - Seventh Circuit case illustrating that payroll compliance audits conducted in accordance with AICPA standards are reasonable and appropriate.

IV.     ARGUMENT

Summary judgment is proper when the pleadings and the evidence on file show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).   When considering a motion for summary judgment, the Court must determine whether the facts in the record, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the non-moving party, shows any genuine issue of material fact.  Rule 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  When faced with a motion for summary judgment that meets this standard, the non-moving party must introduce specific facts showing there is a genuine issue of material fact for trial.  *Id.* at 324.

ERISA requires employers to make pension and welfare contributions as promised in collective bargaining agreements.  *Central States Pension Fund v. Hartlage Truck*, 991 F.2d 1357, 1360 (7th Cir. 1993).  The Court must enforce the terms of the collective bargaining agreements when those terms are unambiguous.  *Id*. at 1361.  In order to resolve a dispute over contractual terms on a motion for summary judgment, the Court must determine if the language in the agreement is ambiguous.  *Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1389 (7th Cir. 1993). A term is ambiguous if it is subject to reasonable alternative interpretation. *Id*.

Plaintiffs are entitled to summary judgment because the undisputed facts show that

Airport Plumbing and Heating, Inc. owes Plaintiffs fringe benefit contributions, interest and

liquidated damages in the amount of $30,425.00 on behalf of Donald Theinert who was a

plumber employee of the company during the period from January 1, 1998 through December

31, 2002.  The Defendant signed a Participation Agreement effective May 1, 1989.  (See Exhibit

A to Plaintiffs' Complaint).  The above Participation Agreement states in pertinent part as

follows:

> "The undersigned parties by affixing their signatures to this document bind
> themselves with respect to their <u>adherence to the wages, hours, and other conditions
> of employment for Plumbers</u>/Steamfitters/Metal Tradesman and their apprentices and
> probationary applicants employed on UA Jurisdiction of work under the Labor-
> Management Agreement and its attachments, which are adopted by reference
> negotiated between the Tri-County Association of Plumbers and Mechanical
> Contractors and Pipe Trades District Council #34 and affiliated UA Locals #63 and
> #353."  (See Exhibit A to Plaintiffs' Complaint).  (Emphasis added).

The Participation Agreement specifically covers the wages and benefits for <u>Plumbers</u>.

This Participation Agreement also specifically incorporates the applicable collective bargaining

agreements by its terms (" . . . Labor-Management Agreement and its attachments, <u>which are</u>

<u>adopted by reference</u> negotiated between the Tri-County Association of Plumbers and

Mechanical Contractors and Pipe Trades District Council #34 and affiliated UA Locals #63 and

#353.") (emphasis added).  Airport Plumbing and Heating, Inc. is therefore bound by the

"LABOR-MANAGEMENT AGREEMENT, May 1, 1998 through April 30, 2003, Mid-Illini

Mechanical Contractors Association [formerly Tri-County Association of Plumbers and

Mechanical Contractors] and Plumbers 63 Contract Language" and Plaintiffs' trust agreement.

(See Exhibit 1).  There are two provisions in the Labor-Management Agreement concerning

6

covered employees.  These provisions are in Article I (Recognition) and Article XVII (Scope of

Work).

The Labor-Management Agreement states in pertinent part as follows:

"The Association and/or Contractor recognizes the Plumbers 63 as the sole and exclusive collective bargaining agent with respect to wages, hours and other conditions of employment, <u>for all journeyman plumbers</u>, metal tradesman and apprentice plumbers."  (See page 1, Article I titled "Recognition", paragraph (A)) (emphasis added).

"It is agreed that this Agreement shall cover <u>all</u> journeymen and apprentice <u>plumbers employed by a Contractor</u> signatory to this Agreement . . . ."  (See the first paragraph on page 34, Article XVII  titled "Scope of Work") (emphasis added).

There is no ambiguity between these provisions.  Both provisions clearly and expressly

state that the Agreement covers all plumbers employed by the contractor.  The Agreement covers

plumbers regardless of union membership.  There is no reference to "union" plumbers in either

provision.  The facts of this case are clear.  Donald Theinert is a plumber who was employed by

the Defendant during the audit period.  (See Paragraph A4 of Defendant's Amended Disclosures

Under Rule 26(a)(1) attached hereto as Exhibit 1);(See "License Verification" Exhibit 2 to

Plaintiffs' Response to Defendant's Motion for Summary Judgment). The plumber's wage and

benefit package includes contributions to the East Central Illinois Pipe Trades Health and

Welfare Trust Fund.  (See page 47, Section 6 of Labor-Management Agreement attached as

Exhibit 1). The company failed to pay fringe benefit contributions on behalf of Mr. Theinert.

These facts are also supported by Romolo & Associates' examination conducted in accordance

with the standards established by the AICPA.  (See Paragraph one of "Independent Accountant's

Report on Agreed-Upon Procedures" in Exhibit C to the Complaint).  The procedures were

designed solely to determine if the Defendant complied with the trust agreement.  *Id*.  As Judge

Richard Mills stated in *Illinois Conference of Teamster and Employers Welfare Fund v. Steve Gilbert Trucking*, 953 F.Supp 1026, 1029  (7th Cir. 1997), an examination in accordance with AICPA standards are reasonable and appropriate.

The undisputed facts show that the Defendant is liable to Plaintiffs for fringe benefit contributions, interests and liquidated damages on behalf of Mr. Theinert in the amount of $30,425.00.

V.      CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Summary Judgement in the amount of $30,425.00, plus costs and attorney fees.

Respectfully submitted,

TRUSTEES OF EAST CENTRAL ILLINOIS PIPE
TRADES HEALTH & WELFARE FUND,
PLUMBERS & PIPEFITTERS FRINGE
BENEFITS FUND and STEAMFITTERS LOCAL
NO. 353, Plaintiffs,


By:      s/ James P. Moody
         **CAVANAGH & O'HARA**
         407 East Adams Street
         Post Office Box 5043
         Springfield, IL 62705
         Telephone: 217-544-1771
         Facsimile: 217-544-9894
         jim@cavanagh-ohara.com

## <u>CERTIFICATE OF SERVICE</u>

I certify on August 15, 2005, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew J. Martone
Richard P. Perkins
7730 Forsyth Boulevard, Suite 200
St. Louis, MO 63105
Attorneys for Defendant

s/ James P. Moody_____
**CAVANAGH & O'HARA**
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: 217-544-1771
Facsimile: 217-544-9894
jim@cavanagh-ohara.com

F:\files\ECIPT\Airport\Plaintiffs.sumjudge.wpd