the Employer again meets the waiver requirements of twenty four (24) consecutive months without default. In the event that any Employer has failed to pay the wages or fringe benefits as required by this Agreement, the Union may engage in a strike or other concerted refusal to perform services for said Employer until all delinquencies have been paid, notwithstanding any other provisions of this Agreement.

### (B) UNION INTERVENTION WHERE CONTRACTOR FAILS TO MAKE FRINGE BENEFITS PROGRAM PAYMENTS

If an Employer fails to make contributions to the Fringe Benefit Programs or fails to deposit withholding to the credit of his Employee's individual Employee accounts within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement and any provision of the Collective Bargaining Agreement. The Employer shall be liable for all costs for collecting the payment due together with attorneys' fees and such late payment fees which may be assessed by the Trustees. The Employer's liability for payment hereunder shall not be subject to the grievance or arbitration procedure or the "no strike" clause provided under the Collective Bargaining Agreement.

### SECTION 4 PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND

**(A)** The undersigned Employer and Union agree that the Employer shall make pension contributions to the National Pension Fund in accordance with the terms of this agreement on behalf of those Employees who are covered by the National Pension Fund pursuant to the Collective Bargaining Agreement.

(1) Commencing with the first (1st) day of May 1998, and for the duration of the current Collective Bargaining Agreement between the parties and any renewals or extensions thereof, the Employer agrees to make payments to the Plumbers and Pipefitters National Pension

- 44 -

Fund for each Employee in accordance with the Collective Bargaining Agreement as negotiated.

(2) The Employer shall make the contributions set out in paragraph (1) above for each hour or portion thereof for which an Employee is paid or entitled to payment for performance of duties for the Employer. Each overtime hour shall be counted as one regular hour for which contributions are payable.

(3) Contributions set out in subparagraph (1) above shall be paid starting with the Employee's first day of employment in a job classification covered by the Collective Bargaining Agreement.

(4) The Employer shall continue contributions to the Fund for any compensated Employees who were previously covered by the Fund as members of the bargaining unit and who are continuing to perform work of the type covered by the Collective Bargaining Agreement for at least half of their hours with the Employer. It is understood that the Employer may not make contributions on behalf of an Employee who owns, or whose spouse owns, 10% or more of the corporation unless it signs and abides by a participation agreement covering such owner Employees. It is also agreed that the Employer shall not make contributions to the Fund on behalf of any Employees other than those specified herein.

(B) The payments to the Pension Fund required above shall be made to the "Plumbers and Pipefitters National Pension Fund" which was established under an Agreement and Declaration of Trust, dated July 23, 1968 and restated December 13, 1978. The employer, by signing this Standard Form of Participation Agreement, or by signing a Collective Bargaining Agreement providing for participation in the Plumbers and Pipefitters National Pension Fund, agrees to be bound by all of the terms and conditions of the Restated Agreement and Declaration of Trust. Any Employer so adopting the Restated Agreement and Declaration of Trust thereby ratifies, accepts and designates as its representatives

the Employer Trustees then serving as such and authorizes said Employer Trustees to designate additional Employer Trustees and successor Employer Trustees in accordance with the terms and conditions thereof, and authorizes the Trustees to adopt amendments to the Restated Agreement and Declaration of Trust. The Employer hereby acknowledges receipt of a copy of the Restated Agreement and Declaration of Trust in effect when this Agreement is signed.

(C) It is agreed that the Pension Plan adopted by the Trustees of the said Pension Fund shall at all times conform with the requirements of the Internal Revenue Code as to enable the Employer at all times to treat contributions to the Pension Fund as a deduction for income tax purposes.

(D) It is agreed that all contributions shall be made at such time and in such manner as the Trustees require, and the Trustees shall have the authority to retain an accountant or accounting firm to perform payroll audits of the Employer to determine whether the correct amount of contributions have been made or to determine whether contributions have been made on behalf of all Employees covered by the Plan.

(E) If an Employer fails to make contributions to the Pension Fund within 20 days of the end of the month during which the work was performed, the Union shall have the right to take whatever steps necessary to secure compliance, any provision of the Collective Bargaining Agreement to the contrary notwithstanding, and the Employer shall be liable for all costs and expenses for collecting the payments due, together with attorneys' fees, interest on the unpaid contributions of 12% per annum, and liquidated damages of 10% of the unpaid contributions. The Employer's liability for payment hereunder shall not be subject to the grievance or arbitration procedure or the "no-strike" clause provided under the Collective Bargaining Agreement.

(F) The parties agree that this Participation Agreement shall be considered a part of the Collective Bargaining Agreement between the undersigned parties.

(G) The expirat
Agreement bet
Copies of the
newal or extens
Pension Fund o
Agreement, ca
termination of p

SECTION 5  P
              L

The Employer
Article VIII) per
tices indenture
time covered by
#63 and Steamf
so created will
accordance wit
Steamfitters Lo
1980, or the ter
rated by referen

SECTION 6  E
              H

The Employer
Article VIII) per
which includes
payable to East
Trust Fund. Th
Board of Truste
Central Illinois

SECTION 7  P

(A) The Employ
hour worked wh
depository desi

- 46 -

(G) The expiration date of the present Collective Bargaining Agreement between the undersigned parties is April 30, 1998. Copies of the Collective Bargaining Agreements and all renewal or extension agreements will be furnished promptly to the Pension Fund office and, if not consistent with this Participation Agreement, can be used by the Trustees as the basis for termination of participation of the Employer.

## SECTION 5  PLUMBERS LOCAL #63 AND STEAMFITTERS LOCAL #353 JOINT PENSION FUND

The Employer shall contribute the negotiated amount (See Article VIII) per hour worked by each employee (except apprentices indentured after May 1, 1983) which includes show-up time covered by this Agreement, payable to the Plumbers Local #63 and Steamfitters Local #353 Joint Pension Fund. The Fund so created will be administered by a Board of Trustees in accordance with the terms of the Plumbers Local #63 and Steamfitters Local #353 Joint Pension Fund, dated May 1, 1980, or the terms and provisions of which are herein incorporated by reference.

## SECTION 6  EAST CENTRAL ILLINOIS PIPE TRADE HEALTH AND WELFARE TRUST FUND

The Employer shall contribute the negotiated amount (See Article VIII) per hour for all hours worked by each employee, which includes show-up time covered by this Agreement, payable to East Central Illinois Pipe Trade Health and Welfare Trust Fund. The Fund so created will be administered by a Board of Trustees in accordance with the terms of the East Central Illinois Trust.

## SECTION 7  PLUMBERS LOCAL 63 ANNUITY FUND

(A) The Employer shall contribute the negotiated amount per hour worked which includes show-up time and remit such to the depository designated and selected by the Trustees for the

Plumbers Local #63 Annuity Benefit Plan. This Trust will conform to the applicable requirements of the Labor-Management Relations Act of 1947, as amended (known as Taft-Hartley Act) and the Employee Retirement Security Act of 1947 (known as ERISA); and qualify as an "exempt trust" pursuant to Section 501(a) and other pertinent provisions of the Code. There shall be four (4) Trustees who, as a Board, shall each be "named fiduciary" as defined in Section 402(a)(2) of the Act. Two (2) Trustees shall be appointed by the Local Union. The Trustees will jointly create and maintain those documents necessary to carry out the business of the Plan. Operational items and regulations, summary plan description, letters of understanding, audit policy, withdrawal policy, claims appeal procedure, collection procedure, investment policy, IRS filing procedures, fiduciary insurance policy, contracts with service providers, and so on as necessary for the business of this Trust.

### (B) POLITICAL EDUCATION COMMITTEE FUND

The Authorization Assessment Form of each employee shall include a three cents (3¢) deduction per hour from net wages for the Political Education Committee Fund established by the Union. This voluntary employee contribution will be remitted by the Employer to the depository designated and selected by Plumbers Local #63.

### (C) AUTHORIZATION TO DEDUCT WORKING ASSESSSMENT FORM

Plumbers Local 63 will have on file in their office valid "Authorization to Deduct Working assessment" forms signed by each employee for verification by the employers.

### SECTION 8  PLUMBERS EDUCATION TRUST FUND

(A) During the term of the Agreement, the apprenticeship contribution rate shall be established at sixty cents ($.60) per man hour worked. The Fund so created will be administered by the Trustees of the Plumbers' Educational Trust fund in accordance with the terms of a Declaration of Trust Agreement, dated May 1, 1980, the terms and provisions of which Declara-