E-FILED
Friday, 26 August, 2005   01:23:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFIT FUNDS and STEAMFITTERS LOCAL NO. 353, <br><br>Plaintiffs, <br><br>v. <br><br>AIRPORT PLUMBING AND HEATING, INC., <br><br>Defendant. | Cause No: 04-1059 |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### Introduction

Both the explicit requirements of ERISA and Plaintiffs' own Trust Agreement require that a claim under ERISA for allegedly unpaid benefits must be supported by an audit.

Plaintiffs cannot state a claim for allegedly unpaid fringe benefits as a matter of law because they failed to conduct an audit of Defendant's records before pursuing a claim under ERISA. Instead of performing a legitimate audit pursuant to generally accepted auditing standards, Plaintiffs utilized a lesser procedure which their own accountant admits was not an audit. In an ill-advised attempt at revisionist history, Plaintiffs have attempted to dress up their lesser examination as an audit.

This is little more than an attempt to put lipstick on a pig. Under the plain language of both ERISA and the Plaintiffs' Trust Agreement, audit means audit.

### Undisputed Facts

I. <u>Plaintiffs' Response to Defendant's Statement of Undisputed Material Facts.</u>

Plaintiffs did not dispute Defendant's Statement of Undisputed Facts numbers 1 through 3 and 8. These facts are therefore taken as admitted pursuant to Local Rule 7.1(D)(2)(b)(1).

Plaintiffs contend that they dispute Defendant's Statement of Material Fact 4. However, Plaintiffs failed to comply with Local Rule 7.1(D)(2)(b)(2), which requires that "[e]ach such claim of disputed fact <u>shall be supported by evidentiary documentation referenced by specific page</u>." Plaintiffs' failure to comply with Local Rule 7.1 means that Defendant's Statement of Material Fact number 4 is taken as conceded.

Plaintiffs also asserted that Defendant's Statements of Material Fact numbers 5, 6 and 7 were "immaterial to the Motion".

With respect to Statement 5, Plaintiffs claimed that "the examination (their procedure) was conducted in accordance with the standards established by the AICPA.…" <u>This statement is false</u>. In Plaintiffs' Answers to Defendant's First Request for Admissions, Plaintiffs admitted that the audit procedures at issue "did not constitute an audit made in accordance with generally accepted auditing standards." *See Exhibit 2.*

Plaintiffs also contend that the fact that Airport Plumbing never agreed to the procedure used by the auditor was "immaterial". Again, Plaintiffs failed to comply

2

with Local Rule 7.1(D)(2)(b)(3), which requires a party asserting that a fact is immaterial to set forth the reason for such claim.  Plaintiffs failed to do so.  *See Plaintiffs' Response at 4 through 5*.  Thus, this material fact is taken as admitted.[1]

### Reply to Plaintiffs' Additional Material Facts

Plaintiffs also set forth purported material facts which they assert "defeat the Motion for Summary Judgment."  With respect to these purported facts:

No. 9 – This fact is immaterial to this Motion for Summary Judgment because the terms of the collective bargaining agreement are not in dispute.

No. 10 - This fact is immaterial to this Motion for Summary Judgment because the terms of the collective bargaining agreement are not in dispute.

No. 11 - This fact is immaterial to this Motion for Summary Judgment because Theinert's employment status is not relevant to the issue of whether or not Plaintiffs can state a claim under ERISA without performing a legitimate audit.

No. 12 - This fact is immaterial to this Motion for Summary Judgment because the status of Theinert's license is not relevant to the issue of whether or not Plaintiffs can state a claim under ERISA without a legitimate audit.

No. 13 – Defendant disputes Plaintiff's "additional material fact" number 13. Pursuant to Local Rule 7.1(D)(1)(b), Plaintiffs were required to support their purported statement of fact with admissible evidence.  Plaintiffs offered no admissible evidence in

---

[1] The fact that Defendant did not agree to the procedures used by the Plaintiffs' auditor is certainly material to this case – the Independent Accountant's Report upon which this lawsuit is based specifically states that the report "**should not be used by those who have not agreed to the procedures**." *Exhibit 1; Complaint Exhibit C, page 2 (emphasis added)*.  By its own terms, Plaintiffs' faux audit should not be relied upon by parties who did not agree to the procedures used therein, which includes both Defendant and this Court.

support of this purported material fact. The "Notes to Agreed-Upon Procedures" attached as Exhibit C to Plaintiff's Complaint is merely a hearsay statement and is not competent evidence to support their conclusion. *See* <u>Paddack v. Christensen, Inc.</u>, *745 F2d. 1254, 1257-1258 (9th Cir. 1984).* Further, Plaintiffs did not identify the page or the location in Exhibit C that supports this conclusion, in violation of Local Rule 7.1(B). Finally, as set forth in its own clear terms, Exhibit C states that "[b]ecause the procedures described in the supplement do not constitute an audit made in accordance with generally accepted accounting standards, <u>we do not express an opinion on any of the accounts or items referred to in this Report</u>." Clearly, under its own terms, Plaintiffs' report warns the reader (and this Court) that there is no representation to its accuracy or veracity. Plaintiffs also point to paragraph 7 of the affidavit of Joseph C. Romolo as supporting this assertion. However, paragraph 7 of the Romolo affidavit is clearly premised not on the first-hand knowledge of the affiant, but instead upon the hearsay conclusions contained in the Romolo Report. Plaintiff has presented no admissible evidence in support of purported Material Fact No. 13.

## **Argument**

I.     <u>Plaintiffs' Failure to Conduct an Audit is Fatal to their Claim.</u>

Plaintiffs' attempt to avoid summary judgment by arguing that the "payroll compliance audit" they rely upon to make their case is an acceptable substitute for an audit performed under generally accepted auditing standards. This statement is itself deliberately misleading <u>because Plaintiffs and their accountants admit that there was no audit performed in this case</u>. *Exhibit 1 (emphasis added).*

Plaintiffs claim that there is no legal authority that holds that, to pass muster under ERISA, an audit must be conducted in accordance with generally accepted auditing standards *(See the Funds' Response at 6)*, asserting that <u>Paddack v. Christensen Inc.</u>, 745 F.2d 1254 (9th Cir. 1984) is inapposite. Plaintiffs' argument is an attempt to mislead the Court – in this case, no "audit" of Defendant's records was ever performed. The Romolo Report consists only of an agreed-upon procedure ("AUP") engagement. *See Exhibit 1 (emphasis added).* The American Institute of Certified Public Accountants ("AICPA") has adopted generally accepted auditing standards to govern audits, with which every member of the ACIPA must comply, as well as standards that govern agreed-upon procedure ("AUP") engagements. *See M. Miller & L. Bailey,* <u>Miller's Comprehensive Generally Accepted Auditing Standards Guide</u> *(2003), pg. 4, 589 (attached hereto as Exhibit 3).* Unlike a legitimate audit, in an AUP engagement a practitioner issues a report after performing specific procedures that have been agreed to by the practitioner and the party requesting the report. <u>Id</u>. at 589. Because the party requesting the report "is responsible for determining the sufficiency of the procedures" used, **the use of the report must be restricted to that party**. <u>Id</u>. at 589-590.

Defendant cited two cases, <u>Paddack, supra</u>, and <u>Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.</u>, 472 U.S 559, 105 S.Ct. 2833 (1985) that demonstrate that only an actual audit conducted pursuant to generally accepted auditing standards can be used to support an action under ERISA. In <u>Central States, Southeast and Southwest Areas Pension Fund</u>, the Supreme Court held that an audit **that conformed to generally accepted auditing standards** passed muster under ERISA. 472

*U.S at 567-68.* In *Paddack,* the Ninth Circuit held that, because the accountants did not perform an audit in accordance with generally accepted auditing standards, the accountant's report failed to meet the requirements of ERISA. *Paddack, 745 F.2d at 1257.* The Court then held that the audit reports at issue were inadmissible to prove the existence of any contribution deficiencies by the employer. *Id. at 1258.*

*Paddock* and *Gerber* clearly demonstrate that the Romolo Report (which was not an audit that conformed to generally accepted auditing standards) fails to meet the requirements of ERISA. Plaintiffs admit that they did not conduct an audit of Defendant in accordance with generally accepted auditing standards *(Exhibit 2)* and can cite no legal authority that anything other than a real audit can be used to support an ERISA action. Finally, Plaintiffs themselves implicitly conceded the applicability of *Paddack* to this case when they relied on *Paddack* in their Response. *See Plaintiffs' Response at 8.*

II.     The Romolo Report is not an Acceptable Alternative to an Audit.

Plaintiffs next claim that their "examination" of Defendant's payroll records "was conducted in accordance with the standards established by the AICPA" and, therefore, was sufficient to determine if Airport Plumbing complied with the applicable agreements." *See Plaintiffs' Response at 7.* Paragraph 4 of the affidavit from Joseph Romolo, (attached as Exhibit 3 to Plaintiffs' Response) also claims that it is the "industry standard" to perform AUP engagements instead of audits. *Id.*

Plaintiffs have mixed apples and oranges and misstated their own exhibits. As noted above, there is a world of difference between an audit conducted under generally

6

accepted auditing standards and an AUP engagement. *M. Miller & L. Bailey, Miller's Comprehensive Generally Accepted Auditing Standards Guide, supra, Exhibit 3; Paddock at 1257-1258.* Paragraph 1 of the Romolo Report states that the auditor "applied certain agreed upon procedures specified by [the Funds]" and that "the engagement to apply agreed upon procedures was performed in accordance with standards established by" the AICPA. Thus, the Romolo Report only establishes that his engagement by Plaintiffs was in accordance with AICPA standards – <u>it does **not** establish that Romolo performed an audit under AICPA standards.</u> The Romolo Report unambiguously states that the procedures used <u>did not constitute an audit performed in accordance with generally accepted auditing standards</u>. *Exhibit 1; Exhibit 2.* Because Plaintiffs alone determined the sufficiency of the procedures used in the Romolo Report, the use of the report must be restricted to Plaintiffs, and neither Defendant nor this Court may rely upon on the Romolo Report. *Exhibit 1; Exhibit 3.*

Romolo's affidavit states he did not audit Defendant's records in accordance with generally accepted auditing standards because it would have been "costly and time-consuming" to conduct a real audit. *Plaintiffs' Exhibit 3 at ¶ 5.* The law requires an actual audit. *See Central States, Southeast and Southwest Areas Pension Fund, 472 U.S at 567-68.* Plaintiffs cannot avoid the legal requirement of performing an audit in accordance with generally accepted auditing standards merely because they wanted to cut corners to save time and money. *Paddock, supra at 1258.*

Plaintiffs cite to *Ill. Conf. of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking, 953 F.Supp. 1026, 1033 (C.D.Ill. 1997), affirmed, 129 F.3d 1267 (7th Cir. 1997)*, for

7

the proposition that an "examination" conducted "in accordance with the AICPA is reasonable and appropriate." This is a misstatement of <u>Steve Gilbert Trucking</u>, in which the plaintiff Fund conducted an actual **audit** of defendant's payroll, using AICPA procedures. *953 F.Supp. 1029 (emphasis added).* In this case, the opposite is true – Plaintiffs elected to perform a lesser procedure instead of an audit. Thus, in <u>Steve Gilbert Trucking</u> the plaintiff Fund conducted a real audit, while in the instant case Plaintiffs elected to forego an audit and instead rely on a less thorough and less expensive procedure. *Compare* <u>Steve Gilbert Trucking</u> *953 F.Supp. at 1029* (<u>audit at issue used wage tests</u>) with *Plaintiffs' Exhibit 3 at ¶ 5, 6* (<u>agreed upon procedures used in this case did not involve use of wage tests</u>). <u>Steve Gilbert Trucking</u> does not support Plaintiffs' arguments.

In electing to cut corners by performing an agreed-upon procedure instead of a real audit, Plaintiff also violated the terms of their own Trust Agreement. Plaintiff's Trust Agreement *(Exhibit 4)(emphasis added)* (included as Exhibit B to Plaintiffs' Complaint), explicitly states in §4.25 "collection and enforcement of payments [t]he Trustees may employ attorneys, accountants and other professionals to conduct **audits** of the pertinent employment and payroll records of each employer.…" *Plaintiffs' Exhibit B at 21 (emphasis added).* The Trust Agreement requires that an <u>audit</u> be performed in order to proceed against an employer. *Id.* In this case, by their own admission, Plaintiffs did not conduct an audit. *See Defendant's Exhibit 2, Request for Admission #2.*

III.   <u>The Admissibility of the Romolo Report is Irrelevant.</u>

8

The Funds also claim that the Romolo Report would be admissible for the purpose of explaining their expert's report under Fed.R.Evid. 703; as a business record under Fed.R.Evid. 803(6); and as a summary under Fed.R. Evid. 1006. *See Plaintiffs' Response at 2, 9.* The admissibility of the Romolo Report is irrelevant. Because it is not an audit, the Romolo Report is inadequate as a matter of law to support Plaintiffs' claims, regardless of its admissibility. [2] *Paddock*, 745 F2d. At 1257.

V.   Defendant's Motion for Summary Judgment is Ripe.

Plaintiffs' claim that the Motion for Summary Judgment is premature because the parties are still in discovery. Summary judgment can be entered as long as the court has given the parties adequate time to conduct discovery, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). Fed. R. Civ. P. 56(c) does not require the completion of all discovery before a court may properly grant summary judgment. *In re TMJ Implants Prod. Liab. Litig.*, 113 F.3d 1484, 1489 (8th Cir. 1997). And because Plaintiffs did not seek shelter under Rule 56(f), this Court may grant summary judgment based on the record before it. *First Nat. Bank and Trust Corp. v. American Eurocopter Corp.*, 378 F.3d 682, (7th Cir. 2004).

## CONCLUSION

The Romolo Report is simply not an audit. Although Plaintiffs ask this Court to accept their "agreed-upon procedure" in lieu of the real audit required by both ERISA and by their own Trust Agreement, Plaintiffs' efforts fall short.

---

2 In any event, the Romolo Report is not admissible *as proof of the truth of the underlying matter and what they assert. Paddack*, 745 F.2d at 1262. The Funds are relying on the Romolo Report to establish the truth of the matters contained therein and not simply to explain the basis for their expert's report. *See the Funds' Complaint at 2, 3.* Thus, the Romolo Report is not admissible. *Paddock, supra at 1262.*

No matter how much lipstick Plaintiffs apply, it's still a pig.

WHEREFORE, Defendant Airport Plumbing and Heating, Inc. respectfully requests that this Court enter judgment on its behalf and against Plaintiffs as a matter of law.

          **BOBROFF, HESSE,**
          **LINDMARK & MARTONE, P.C.**

          /s/ Andrew J. Martone #06203524
          Vanessa K. R. Keith, of counsel
          Richard P. Perkins, of counsel
          7730 Forsyth Boulevard, Suite 200
          St. Louis, MO 63105
          (314) 862-0300
          Fax: (314) 862-7010
          andymartone@bobroffhesse.com
          vanessakeith@bobroffhesse.com
          richperkins@bobroffhesse.com
          *Attorneys for Defendant Airport Plumbing and Heating, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James P. Moody
Cavanagh & O'Hara
407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
*Attorneys for Plaintiffs*

                        /s/ Andrew J. Martone