E-FILED
Thursday, 08 September, 2005  09:25:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFIT FUNDS and STEAMFITTERS LOCAL NO. 353, <br><br> Plaintiffs, <br><br> v. <br><br> AIRPORT PLUMBING AND HEATING, INC., <br><br> Defendant. | Cause No: 04-1059 |

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT

Defendant Airport Plumbing and Heating, Inc. ("Airport Plumbing") opposes Plaintiffs' Cross Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and C.D. IL. Local Rule 7.1. In support of its Opposition, Defendant states the following:

### INTRODUCTION

Plaintiffs Trustees of East Central Illinois Pipe Trades Health & Welfare Fund, Plumbers and Pipefitters Fringe Benefit Fund and Steamfitters Local Union 353 ("the Funds") move for summary judgment, requesting judgment against Defendant Airport Plumbing in the amount of $30,425.00 in fringe benefit contributions, interest, and liquidated damages allegedly owed to Plaintiffs for the time period of January 1, 1998 to

1

December 31, 2002 (plus audit costs and attorneys' fees) under E.R.I.S.A., 29 U.S.C. §§ 1132, 1145.  Plaintiffs presented no direct evidence in support of their claim, instead basing their claim wholly upon the purported audit report of their accountants, which is attached to the Complaint as Exhibit C.

Plaintiffs are not entitled to summary judgment because they have offered no admissible evidence in support of their claims and the undisputed facts establish that Plaintiffs did not conduct an actual audit to support their claims, instead utilizing a procedure which failed to comply with generally accepted auditing standards.  As a matter of law, the procedure Plaintiffs elected to perform in this case will not support an ERISA claim.  Because Plaintiffs fail to establish any amounts owed by Defendant by undisputed facts and because Plaintiffs' purported "audit" is deficient as a matter of law, Plaintiffs' Motion for Summary Judgment should be denied.

I.     **RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS**

   A.     <u>**Undisputed Material Facts**</u>

Facts 1-6:  Paragraphs 1-6 of Plaintiffs' Statement of Undisputed Material Facts are undisputed and material.

Fact 9:  Although Defendant's amended disclosures under Rule 26(a)(1) do not specify the dates of Mr. Theinert's employment, Defendant agrees the facts stated in paragraph 9 of Plaintiffs' statement of undisputed material facts are undisputed and material.

Fact 11:  With regard to paragraph 11 of Plaintiffs' statement of undisputed material facts, Defendant agrees the referenced provision of the collective bargaining agreement (Article XXII, Section 6) provides for contributions to the East Central Illinois Pipe Trades Health & Welfare Fund.  This fact is undisputed and material.  Plaintiffs' statement of fact, as worded, however, is vague and immaterial.

B. **Disputed Material Facts**

Fact 12:  In paragraph 12, Plaintiff asserts the examination by Romolo & Associates of records of Defendant "was conducted in accordance with the standards set forth by the American Institute of Certified Public Accountants (AICPA) solely to determine if the Defendant complied with the Labor-Management Agreement and Trust Agreement."  This allegation is false.  <u>Plaintiffs have admitted that the procedures used by Romolo & Associates did not constitute an audit made in accordance with generally accepted auditing standards</u>.  *See Exhibit A;  Exhibit B (emphasis added).*

Fact 14:  In paragraph 14, Plaintiffs refer to the report of Romolo & Associates as an "audit report."  The procedures employed by Romolo & Associates did not constitute an "audit" made in accordance with generally accepted auditing standards and <u>the report of Romolo & Associates is not an "audit report</u>."  *Exhibit A; Exhibit B (emphasis added).*  Further, as a matter of law, because Romolo did not conduct an actual audit under AICPA standards, his report is inadmissible to prove the truth of the matters asserted in the report.  *Paddack v. Christensen Inc.*, *745 F.2d 1254, 1257-59 (9th Cir.*

3

*1984)*, and *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S 559, 567-68, 105 S.Ct. 2833 (1985).

    C.    **Immaterial Facts and Statements**

<u>Fact 7</u>:  Paragraph 7 of Plaintiffs' statement of undisputed material facts is not a fact, but instead, is a conclusion, and is, therefore, immaterial.  The provisions of the "Participation Agreement" speak for themselves.  Further, Plaintiffs fail to comply with Local Rule 7.1(D)(1)(b), which requires that "[f]or each fact asserted, provide citations to the documentary evidence that supports it appropriately referencing the exhibit and page."

<u>Fact 10</u>:  Paragraph 10 of Plaintiffs' statement of undisputed facts is immaterial.  Whether purported public records indicate Mr. Theinert was a plumber licensed by the State of Illinois is not material to Plaintiffs' Motion because the fact that Theinert may have been a licensed plumber does not establish the nature and character of the work that he performed during the period of time at issue.  Plaintiffs failed to comply with Local Rule 7.1(D)(1)(b) because they offer no evidence in support of this assertion.

<u>Fact 11</u>:  As noted above, as worded, the statement of fact in paragraph 11 of Plaintiffs' statement of undisputed facts is too vague to constitute a fact; it is therefore immaterial.

<u>Fact 13</u>:  This statement of material fact is immaterial to Plaintiff's Motion.  While the AICPA standards <u>for payroll audits</u> may be reasonable and appropriate, in this case,

Plaintiffs admitted that Romolo & Associates did not perform a payroll audit under AICPA standards. *Exhibit A; Exhibit B (emphasis added).* Instead, Romolo & Associates performed a lesser "agreed-upon procedures" examination, which, by its own terms, was not intended for third-party reliance. *Exhibit B.*

### D. Additional Material Facts

1. Plumbers Local 63 refused to permit Donald Theinert to join the union and be part of the bargaining unit in 1988 and on several occasions thereafter. Exhibit D -- *Affidavit of Steven K. Kawolsky, ¶ 2-3.*

2. Due to the union's refusals to permit Mr. Theinert to join the bargaining unit, Mr. Theinert was not covered by the collective bargaining agreement. *Affidavit of Steven K. Kawolsky, ¶ 4.*

## ARGUMENT

Plaintiffs bear the burden of demonstrating their entitlement to judgment as a matter of law through undisputed, material facts. Fed.R.Civ.P. 56(c). Plaintiffs' Motion falls far short of meeting this requirement.

In their Motion, Plaintiffs gloss over the basis for its claims and the methods for determining and computing the amount claimed, $30,425.00, relying solely on the report of their accountant ("the Romolo Report") to support this figure. Plaintiffs make little effort in their Motion to explain how this figure was computed, what it includes, or the basis for the amount claimed. *See L.S. Heath & Son, Inc. v. AT&T Information Sys.*

5

*Inc.*, 9 F.3d 561, 567 (7th Cir. 1993) (the court is not obligated to "scour the record" in resolving a motion for summary judgment).

Even if Plaintiffs have borne their burden under Rule 56(c) to establish their claim for contributions, interest, and liquidated damages, costs and attorneys' fees, Plaintiffs' reliance on the Romolo Report (and accompanying affidavit) as the sole basis for their alleged damages defeats their claim and precludes summary judgment in their favor. As Defendant demonstrated in Defendant's Motion to Strike Plaintiffs' Disclosure of Expert and to Exclude Expert Testimony and Evidence (which is currently pending before the Court), Plaintiffs failed to comply with Rule 26(a)(2) in their disclosure of both Romolo as a purported expert and the Romolo Report. This failure bars Plaintiffs' use of both the Romolo Report and Romolo's testimony. *Fed.R.Civ.P. 37(c)(1); Finley v. Marathon Oil Company*, 75 F.3d 1225, 1230 (7th Cir. 1996). In that Plaintiffs' claims depend solely upon the Romolo Report and Romolo's testimony, those claims fail as a matter of law. *Id.*

Further, as Defendant has shown in Defendant's Motion for Summary Judgment, Plaintiffs' "audit report" is legally insufficient to provide a basis for Plaintiffs' claims in this case. As a matter of law, ERISA requires that a claim for benefits contributions be supported by an audit in accordance with AICPA standards. *Paddack*, 745 F.2d at 1257-59; *Central States, Southeast and Southwest Areas Pension Fund*, 472 U.S at 567-68. The Romolo Report, the sole basis for Plaintiffs' claims, falls severely short of this mark – not

only was the Romolo Report not an audit conducted in accordance with AICPA standards *(Exhibit A)*, the Romolo Report was not an audit at all.  *(Exhibit B) (emphasis added).* Romolo conducted an "agreed-upon procedure" which, by its own terms, precludes reliance by third-parties, including this Court.  Consequently, the Romolo Report forbids this Court from relying upon its conclusions.  *Id.*  Without a legitimate audit, Plaintiffs cannot state a claim for amounts owed under ERISA as a matter of law.  *See Paddack, 745 F.2d at 1258.* This is especially true given that Plaintiffs' own Trust Agreement requires the performance of an audit (and not an "agreed-upon procedure"). *See Exhibit C.*

Plaintiffs rely, without analysis, on *Ill. Conf. of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking, 953 F.Supp. 1026 (C.D. Ill. 1997), affirmed, 129 F.3d 1267 (7th Cir. 1997),* for the proposition that Romolo's "examination" conducted in accordance with AICPA standards is reasonable and appropriate.   This is a misstatement of *Steve Gilbert Trucking.*   Unlike this case, in *Steve Gilbert Trucking,* the Fund's accountant performed a real "audit" under AICPA standards. *Steve Gilbert Trucking, 953 F.Supp. at 1029-1031.  Compare Steve Gilbert Trucking, 953 F.Supp. at 1029* (<u>audit at issue used wage tests</u>) *with Plaintiffs' Exhibit 3 at ¶5, 6* (<u>the agreed-upon procedures used in this case did not involve the use of wage tests</u>).  In this case, Romolo did not conduct an audit at all.  *See Exhibit B.*  Plaintiffs' reliance on *Steve Gilbert Trucking* is misplaced.

As Defendant has noted in its Motion for Summary Judgment, *Paddack, 745 F.2d*

7

*at 1257-1259*, and *Central States, Southeast and Southwest Areas Pension Fund*, 472 at 567-68, together stand for the proposition that only a legitimate audit conducted under AICPA standards and not the lesser "agreed-upon procedures" used in the Romolo Report pass muster under ERISA. In *Paddack*, the appellate court upheld the trial court's refusal to admit an audit that was not conducted in accordance with generally accepted accounting standards, but was instead prepared for the purpose of litigation at the request of trustees to determine an employer's compliance with collective bargaining agreements. *Paddack*, *745 F.2d at 1257-59*. In *Central States, Southeast and Southwest Pension Fund*, the Court held that an audit which conformed to generally accepted auditing standards of the accounting profession was reasonable to establish the amount of contributions the employer owed. *Central States, Southeast and Southwest Areas Pension Fund*, *472 U.S at 567-68*.

       Plaintiffs bear the responsibility for the failure of their claims. Plaintiffs opted to forego a legitimate AICPA audit in favor of the lesser "agreed-upon procedures" in order to save money. *See the Affidavit of Joseph Romolo, attached to Plaintiff's Motion .* Plaintiffs' own accountant noted in his report: (a) the examination was not an audit, (b) no opinion was given on the accounts and items referred to in the report; (c) the examination was based on procedures established by the Funds; and, (d) the report is intended solely for the information of Plaintiffs, and Plaintiffs solely are responsible for the sufficiency of the procedures used. *Exhibit B (emphasis added).* The Romolo Report's

8

disclaimers, which proscribe its usage by all third parties who did not agree to its procedures (including both Defendant and this Court) defeat Plaintiffs' claims.

In addition to the patent inadequacy of the Romolo Report as a basis for their claim, Plaintiffs' claims depend on their assertion that Defendant owes contributions on behalf of Donald Theinert, the only employee at issue. This assertion relies upon the supposition that Mr. Theinert was in the bargaining unit covered by the collective bargaining agreement and performed work for Defendant covered by the collective bargaining agreement. In support of this supposition, Plaintiffs tender only a record purporting to show that Mr. Theinert has had a plumber's license, not that Theinert performed work covered by any collective bargaining agreement and that Defendant owes contributions to Plaintiffs under the collective bargaining agreement on behalf of Mr. Theinert. Defendant's evidence demonstrates the union repeatedly refused to permit Mr. Theinert to join the union and become part of the bargaining unit covered by the collective bargaining agreement. *Affidavit of Stephen Kawolsky at ¶ 2-4.* In these circumstances, Plaintiffs are estopped from claiming Defendant owes contributions on behalf of Mr. Theinert. *See Michigan Carpenters Council Health Care Fund v. Superior Pound Concrete Walls, Inc., 1989 U.S. Dist. LEXIS 17600 (W.D. Mich. 1989); Bush v. I.B.O.A. Slutzky, Inc., 472 N.Y.S. 2d. 211, 99 A.D. 2d 676 (N.Y. App. Div. 1984)* (estoppel defense raised by employer based on statements of union representatives).

## CONCLUSION

For all the foregoing reasons, this Court should deny Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

**BOBROFF, HESSE,
LINDMARK & MARTONE, P.C.**

/s/ Andrew J. Martone, Esq. #06203524
Vanessa K.R. Keith, of counsel
Richard P. Perkins, of counsel
7730 Forsyth Boulevard, Suite 200
St. Louis, MO 63105
(314) 862-0300
Fax: (314) 862-7010
*Attorneys for Defendant Airport Plumbing
  and Heating, Inc*

## CERTIFICATE OF SERVICE

An true copy of the foregoing document was served by operation of the Electronic Case Filing system this 8th day of September, 2005, to:

James P. Moody
Cavanagh & O'Hara
407 East Adams Street
P.O. Box 5043
Springfield, Illinois  62705
*Attorneys for Plaintiffs*

/s/ Andrew J. Martone, Esq. #06203524