E-FILED
Thursday, 08 September, 2005  09:25:46 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUNDS and STEAMFITTERS LOCAL NO. 353, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 04-1059 ) |
| AIRPORT PLUMBING AND HEATING, INC., | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Defendants, by and through their attorneys, and, pursuant to Rule 36 of the Federal Rules of Civil Procedure, asks that Plaintiffs admit or deny the truthfulness of the following statements:

1.      Admit that the procedures used by the auditor when he reviewed selected payroll records of Defendant Airport Plumbing and Heating, Inc. during the time period of January 1, 1998 to March 31, 2003 were specified by the East Central Illinois Pipe Trades Health & Welfare Fund.

**RESPONSE:**      Admit

2.      Admit that the procedures used by the auditor when he reviewed selected payroll records of Defendant Airport Plumbing and Heating, Inc. during the time period of January 1, 1998 to March 31, 2003 did not constitute an audit made in accordance with generally accepted auditing standards.

**RESPONSE:**      Admit



DEFENDANT'S
EXHIBIT

A

3.     Admit that the audit report was intended solely for the information of the East Central Illinois Pipe Trades Health & Welfare Fund.

**RESPONSE:**     Plaintiff admits that the audit report was generated for the establishment of evidentiary matters to be used in Court but denies that it was executed solely and exclusively for the use of the East Central Illinois Pipe Trades Health and Welfare Fund.

4.     Admit that the audit report prepared for the East Central Illinois Pipe Trades Health and Welfare Fund should not be used by those who have not agreed to the procedures used to conduct the audit.

**RESPONSE:**     Plaintiff neither admits nor denies the request herein as this is an improper request for admission in as much as it asks for a legal conclusion rather than a factual admission.

5.     Admit that any collective bargaining agreement in place between Airport Plumbing and Heating, Inc. and any Plaintiff during the time period of January 1, 1998 to March 31, 2003 did not require the contributions Plaintiffs now seek.

**RESPONSE:**     Plaintiff neither admits nor denies the request herein as this is an improper request for admission in as much as it asks for a legal conclusion rather than a factual admission.

Respectfully submitted,

CAVANAGH & O'HARA

By: Daniel M. McLaughlin
#6273443
1609 North Illinois Street
Swansea, Illinois 62226
(618) 222-5945
Facsimile (618) 222-6755

2

## CERTIFICATE OF SERVICE

An original copy of the completed Request for Admissions were mailed via U.S. mail this
28 day of December, 2004 to:

Richard P. Perkins
BOBROFF, HESSE, LINDMARK & MARTONE, P.C.
7730 Forsyth Boulevard, Suite 200
St. Louis, Missouri 63105