**E-FILED**
Friday, 09 September, 2005  11:46:18 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

TRUSTEES OF EAST CENTRAL ILLINOIS )
PIPE TRADES HEALTH & WELFARE FUND, )
PLUMBERS & PIPEFITTERS FRINGE )
BENEFITS FUND and STEAMFITTERS LOCAL )
NO. 353, )
                                    )
          Plaintiffs, )       No. 04-1059
                                      )
vs. )
                                        )
AIRPORT PLUMBING AND HEATING, INC., )
                                      )
          Defendant. )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANT

Pursuant to Federal Rule of Civil Procedure 26(a)(5), Plaintiffs, TRUSTEES OF EAST

CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, *et al.*, submits the attached

Interrogatories to be answered under oath by Defendant, AIRPORT PLUMBING AND HEATING,

INC. For your convenience, we have left enough space for the answer to be typed after each

Interrogatory and have inserted an acknowledgment form on the last page. When the answers have

been completed and executed, a new caption page can be attached and copies can be served as

required.

## DEFINITIONS

1.      TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH &

WELFARE FUND, *et al.*, will be referred to throughout these interrogatories as "Plaintiffs."

2.      The terms "you," "your," "your company," or "plaintiffs" shall refer to AIRPORT

PLUMBING AND HEATING, and to all predecessors, affiliates, assigns, partners, board of director

members, officers, employees, agents, attorneys, accountants and representatives.



**DEFENDANT'S EXHIBIT**
tabbies
/

3.     The words "document" and "documents" are used in the broadest possible sense under the Federal Rules of Civil Procedure and includes, without limitation, all written, printed, typed, photostatic, photographed, computer, recorded or generated record of every type and description on which information is stored or from which information can be obtained that is or has been in the possession, custody or control of Defendant, or otherwise reproduced communications or representations of every kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events.  This definition includes, but is not limited to, any and all originals and non-identical copies of any and all of the following: correspondence, notes, e-mails, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, computer hard drives, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.  Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

4.      "Communication" means any oral, written, electronic, or other transfer of information, ideas, opinions or thoughts by any means, from or to any person or thing.

5.      "Relate to," "related to," and "relating to" mean comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

6.      "Person" means any natural person or any entity, including, but not limited to, sole proprietorships, partnerships, corporations, associations, joint ventures, and any other legally recognized entity of any description whatsoever.

7.      To "identify" a person, state with respect to each such person:

    (a)      The full name and, in the case of entities other than natural persons, the nature of the entity (e.g., corporation, partnership, etc.);

    (b)      The last known residence address, residence phone number, business address, and business phone number;

    (c)      The company or business affiliation at the date of the matter referred to;

    (d)      The title and duties in the company or business with which the person was affiliated; and

    (e)      The person's current company or business affiliation.

8.      To "identify" or describe a document, means to state:

    (a)      The name, address, telephone number, occupation, job title, and employer of the present or last known custodian of the document; and

    (b)      The circumstances of the creation of the document, including the identification of each person creating or receiving the document, the date of

creation, and the type of document.

9.    To "identify" or "describe" a communication means to state:

    (a)    The date, type, manner, and location of the communication;

    (b)    The identity of all parties to the communication;

    (c)    The substance of the communication; and

    (d)    A description of any documents relating to the communication.

10.    To "state the factual basis" for a response, contention, allegation, claim, or statement, means to state each and every fact that you contend supports that response, contention, allegation, claim or statement, including the basis and source of your knowledge of each fact; the identity of every person having knowledge of each fact; the identity of each document relating to each fact; and the identity of each communication relating to each fact.

11.    The term "Request," followed by a number designation, refers to the indicated interrogatory included in Defendant's Request for Production of Documents to Plaintiffs in this action.

**INTERROGATORY NO. 1:**

State the name, address and official capacity or title with the Defendant of each person answering these interrogatories or providing information for the answers to these interrogatories.

**ANSWER:**


**INTERROGATORY NO. 2:**

What was Donald Theinert's title for the period from January 1, 1998 to March 31, 2003 and describe in detail his job responsibilities?

**ANSWER:**

**INTERROGATORY NO. 3:**

If you contend that Donald Theinert was not covered by the LABOR - MANAGEMENT AGREEMENT, May 1, 1998 through April 30, 2003, Mid-Illini Mechanical Contractors Association and Plumbers 73 Contract Language, state the factual basis and legal basis in support of your position.

**ANSWER:**

TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUND and STEAMFITTERS LOCAL NO. 353, Plaintiffs,

By: ___ s/ James P. Moody _____
      **CAVANAGH & O'HARA**
      407 East Adams Street
      Post Office Box 5043
      Springfield, IL 62705
      Telephone: 217-544-1771
      Facsimile: 217-544-9894
      jim@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

I certify that I served the foregoing Plaintiffs' First Set of Interrogatories Directed to Defendant by depositing the same in an envelope addressed as follows:

> Andrew J. Martone
> Richard P. Perkins
> 7730 Forsyth Boulevard, Suite 200
> St. Louis, MO 63105

and by depositing the envelope in the U.S. Mail, in Springfield, Illinois, with first-class postage fully prepaid on this 24th day of August, 2005.

s/ James P. Moody
**CAVANAGH & O'HARA**
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: 217-544-1771
Facsimile: 217-544-9894
jim@cavanagh-ohara.com

F:\files\ECIPT\Airport\Interrog.wpd