E-FILED
Thursday, 22 September, 2005  02:45:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUND and STEAMFITTERS LOCAL NO. 353, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 04-1059 |
| vs. | ) ) ) | |
| AIRPORT PLUMBING AND HEATING, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT**

**Reply to Additional Material Facts**

1.  This statement is immaterial and disputed. Assuming for the sake of argument that the statement is true, contributions are due on behalf of all employees doing work within the bargaining unit covered by the collective bargaining agreement, irrespective of union membership. Estoppel is not a defense.

2.  This statement is immaterial and disputed. Contributions are due on behalf of all employees doing work within the bargaining unit covered by the collective bargaining agreement, irrespective of union membership. Estoppel is not a defense. Theinert is a plumber covered by the collective bargaining agreement.

**Argument**

The Defendant raised several arguments in its response to the Plaintiffs' Cross Motion for Summary Judgment. The first argument is that Romolo's payroll examination is inadequate as a matter of law. Plaintiffs have previously addressed this issue in Plaintiffs' Response to

Defendant's Motion for Summary Judgment.  Accordingly, Plaintiffs adopt and incorporate herein by reference Plaintiffs' Response to Defendant's Motion for Summary Judgment as if stated verbatim herein.

The second argument is that Plaintiffs glossed over the basis for its claim and the method of computing the amount due.  Romolo & Associates computed the amount of the delinquency from Donald Theinert's actual time sheets kept in the ordinary course of business.  (See Affidavit of Tom Crotz attached hereto as **Exhibit A**).  Mr. Tom Crotz reviewed Theinert's time records for each pay period during the audit.  *Id*.  These records contain the actual hours worked by Theinert.  *Id.*  Mr. Crotz then summarized the hours worked by month and multiplied such hours by the applicable contribution rates for the audit period to determine the amount of delinquent contributions owed by the Defendant.  *Id*.  The results are contained in Romolo's "audit report" which discloses that the Defendant owes Plaintiffs $30,425.00 for delinquent contributions, liquidated damages and interest.  (See Exhibit C to the Complaint).  The health and welfare contribution rates used in Romolo's audit report agree to the rates in the collective bargaining agreement.  For example, the May 1, 1998 contribution rate of $2.85 in Romolo's audit report agrees to page 13 of the collective bargaining agreement.  (See audit report in Exhibit C to the Complaint and Exhibit 1 in Plaintiffs' Cross Motion).  As of May 1, 1999, the rate of $2.90 in Romolo's audit report agrees to page 14 of the collective bargaining agreement. *Id.*

The interest and liquidated damages computations were calculated as provided in the Trust Agreement.  Section 4.8 of the Trust Agreement provides that interest will be charged at a rate of nine percent (9%) per annum of the amount due the Fund.  (See Trust Agreement in

Exhibit B to the Complaint).  Section 4.4 of the Trust Agreement provides that liquidated damages will be assessed at the rate of ten percent (10%) of the balance due. *Id*. The audit costs of $637.50 are supported by Romolo's invoice.  (See **Exhibit B** attached hereto).  Attorney fees are allowed by statute, 29 U.S.C. § 1132(g)(2).  Plaintiffs have met the burden of computing a sum certain for purposes of summary judgment.

The Defendant has argued that Plaintiffs have not established the "nature and character of the work" performed by Donald Theinert during the audit period.  However, in his affidavit, Mr. Steven Kawolsky stated that he approached Plumbers' Local 63 about Donald Theinert becoming a member of the union.  Kawolsky's affidavit constitutes an admission that Theinert was performing bargaining unit work.  (See Affidavit in Exhibit D to Defendant's Response in Opposition to Plaintiffs' Cross Motion for Summary Judgment).  Why would Theinert want to join the union if he was not performing bargaining unit work?  The fact that he was performing bargaining unit work is further corroborated by the fact that Theinert has been a licensed plumber for twenty-nine (29) years according to the Illinois Department of Public Health's records.  (See Exhibit 2 to Plaintiffs' Response to Defendant's Motion for Summary Judgment). The Defendant has not asserted that Theinert was not performing covered work.  It has asserted that it is not liable because Theinert was not a member of the union.  As explained below, Plaintiffs have a proper legal basis to hold the Defendant liable for contributions.

The Defendant's third argument is the defense of estoppel.  Defendant claims that it relied on a statement by a Local 63's Business Representative seventeen (17) years ago that "Donald Theinert could not become a member of the union because the union had too many

members out of work." Such reliance is unreasonable. As a matter of federal law, a union and its representatives are not an agent for a trust fund created pursuant to a collective bargaining agreement. *Waggoner v. Dallaire*, 649 F.2d 1362, 1368, (9th Cir. 1981), on remand, 570 F.Supp. 1168(C.D. Cal. 1983), rev'd , 767 F.2d 589, (9th Cir. 1985). It is unreasonable to assume that the Trustees would not enforce the terms of the Trust Agreement and applicable collective bargaining agreements to collect delinquent contributions. *Teamsters & Employers Welfare Trust of Illinois v. Gorman Bros. Ready Mix*, 283 F.3d 877, 884-885 (7th Cir. 2002). It is equally unreasonable to assume that subsequent union representatives would waive the clear terms of the collective bargaining agreement. *Id.* at 885. Mr. Strubhar is the current Business Manager for Plumbers Local 63. He has held that position for approximately three and a half years. (See Affidavit of Tim Strubhar attached hereto as **Exhibit C**). To the best of Mr. Strubhar's knowledge, Plumbers Local 63 has never refused the membership of Mr. Donald Theinert. *Id*.

Assuming for sake of argument that such statement was made, the statement is immaterial. As stated earlier in *Waggoner*, union representatives are not agents of the Trust. An employer is required to pay contributions for all employees covered under the collective bargaining agreement despite a union representative's promise that the employer would <u>not</u> have to pay for some of his employees. *Central States, Southeast and Southwest Areas Pension Fund v. Joe McClelland, Inc*., 23 F.3d 1256, 1257 (7th Cir. 1994). Contributions are required for all hours worked by employees who perform any work covered by the contract. *Waggoner v. C&D Pipeline Co.*, 601 F.2d 456, 457 (9th Cir. 1979). Evidence of oral agreements between parties which vary the terms of the written agreement is inadmissable in collection actions because of the parol evidence rule and because of the written agreement requirement of federal law.

*Waggoner* at 1366.  Where the collective bargaining agreement is clear and unambiguous, extrinsic evidence is inadmissable to modify the terms of the written agreement.  *Waggoner* at 1366.  *Central State, Southeast and Southwest Areas Pension Fund v. Hartlage Truck Service, Inc.*, 991 F.2d 1357, 1361 (7th Cir. 1993);   *San Pedro Fisherman's Welfare Fund v. Di Bernardo*, 664 F.2d 1344, 1345 (9th Cir. 1982); *Lewis v. Seanor Coal Co.*, 382 F.2d 437, 443-444 (3rd Cir. 1967).  Estoppel is no defense where the obligation of the employer to make contributions is unambiguously written into the collective bargaining agreement.  *Audit Services v. Rolfson*, 641 F.2d 757, 762 (9th Cir. 1981).

>Here, the collective bargaining agreement states in pertinent part as follows:
>
>"The Association and/or Contractor recognizes the Plumbers 63 as the sole and exclusive collective bargaining agent with respect to wages, hours and other conditions of employment, <u>for all journeyman plumbers</u>, metal tradesman and apprentice plumbers." (Exhibit A to Plaintiffs' Cross Motion; See page 1, Article I titled "Recognition", paragraph (A)) (emphasis added).
>
>"It is agreed that this Agreement shall cover <u>all</u> journeymen and apprentice <u>plumbers employed by a Contractor</u> signatory to this Agreement . . . ." (*Id*.; See the first paragraph on page 34, Article XVII  titled "Scope of Work") (emphasis added).

ERISA requires employers to make pension and welfare contributions as promised in collective bargaining agreements.  *Central States Pension Fund v. Hartlage Truck*, 991 F.2d 1357, 1360 (7th Cir. 1993).  The construction of a collective bargaining agreement and employee benefit plan is a question of law.  *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 698 F.2d 802, 805 (6th Cir. 1983).  In *Central States*, the court interpreted the agreement to include all employees within the classifications, regardless of union membership. *Id.* at 804-805.  The absence of language distinguishing union and non-union employees indicates that the agreement covers all employees.  *Carpenters and Millwrights*

5

*Health Benefit Trust Fund v. Gardineer Dry Walling Co.*, 573 F.2d 1172, 1177 (10th Cir. 1978).

There is no ambiguity in the language of the collective bargaining agreement. Both provisions clearly and expressly state that the Agreement covers all plumbers employed by the contractor. Further, Article III, Section 4 of the collective bargaining agreement states in pertinent part that:

> "The Union will not discriminate . . . against any person because of their membership or non-membership in the Union." (*Id.*; See the paragraph (A) on page 6, Article III titled "Non-Discrimination").

The collective bargaining agreement covers all employees doing work within the bargaining unit covered by the collective bargaining agreement regardless of union membership. To do otherwise, would lead to discrimination as to wages and working conditions on the basis of union membership in violation of federal labor law. *Central States, Southeast and Southwest Areas Pension Fund v. Joe McClelland*, 23 F.3d 1256,1257-1258 (7th Cir. 1994). The National Labor Relations Board has addressed similar circumstances and held that the employer was required to make the non-union employees whole for past contributions due on their behalf but unpaid. *Norpal Corp.*, 297 NLRB 119 (1989). It would also render the union shop clause surplusage. The union shop clause states in pertinent part that:

> "All present employees of the Association and /or Contractor and all employees hired after the execution date of this Agreement, within the coverage of Article I, shall acquire membership in Local 63 and designate it as the sole and exclusive bargaining agent for the group in which they are employed:
>
> (1) on the eighth (8th) day following the beginning of such employment, or the execution date of this Agreement, whichever is later, and
>
> (2) shall maintain such membership in good standing during the term of this Agreement as a condition of employment . . ."   (See Article II on page 2 titled "Union Security" of Exhibit 1 to Plaintiffs' Cross Motion).

This clause requires that all employees covered by the Agreement become and remain members of the union. This language suggests that some persons covered by the collective bargaining agreement are not members of the union. A contract will not be construed to reject any words as surplusage if they can be given reasonable meaning. *Union Investment Company v. Fidelity & Deposit Company of Maryland*, 549 F.2d 1107, 1110 (6th Cir. 1977).

Finally, an employer's failure to understand the terms and conditions of the collective bargaining agreement or trust agreement is also no defense. *Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc.*, 795 F.2d 1501, 1504 (9th Cir 1986).

The Defendant has cited two cases in support of its argument. The first case cited was the Sixth Circuit case of *Michigan Carpenters Council Health Care Fund v. Superior Poured Concrete Walls, Inc.*, 1989 U.S. Dist. LEXIS 17600; 1989 WL 154335. Such case does not mention any form of the word "estoppel." Further, this case is an unpublished decision. Pursuant to the Sixth Circuit Court of Appeal's Rule 28(g) and the Seventh Circuit Court of Appeal's Rule 53(b)(2)(iv), unpublished decisions shall not be cited or used as precedent, except to support a claim for res judicata, collateral estoppel or the law of the case not otherwise published. Accordingly, the Court should strike this case from Defendant's brief.

The second case cited is the 1984 New York state case of *Bush v. I. & O. A. Slutzky, Inc.*, 472 N.Y.S. 2d. 211, 99 A.D. 2d 676 (N.Y. App. Div. 1984). As the dissent points out, state law is pre-empted by ERISA. *Id*. at 214 -215. State courts do not have jurisdiction over actions for contributions brought pursuant to ERISA. *Pension Trust Fund for Operating Engineers v. Triple A Machine Shop*, *Inc.,* 942 F.2d 1457, 1459 (9th Cir. 1991).

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Cross Motion for Summary Judgment in the amount of $30,425.00, plus costs and attorney fees. In the event that summary judgment is granted, Plaintiffs seek leave to file documents in support of its attorney fees and cost. Plaintiffs pray that this Court, at a minimum, grant a partial summary judgment on the liability portion of this case.

                    Respectfully submitted,

                    TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUND and STEAMFITTERS LOCAL NO. 353, Plaintiffs,

By:   s/ James P. Moody
       **CAVANAGH & O'HARA**
       407 East Adams Street
       Post Office Box 5043
       Springfield, IL 62705
       Telephone: 217-544-1771
       Facsimile: 217-544-9894
       jim@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

      I certify on September 22, 2005, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Andrew J. Martone
>Richard P. Perkins
>7730 Forsyth Boulevard, Suite 200
>St. Louis, MO 63105
>Attorneys for Defendant

>s/ James P. Moody_____
>**CAVANAGH & O'HARA**
>407 East Adams Street
>Post Office Box 5043
>Springfield, IL 62705
>Telephone: 217-544-1771
>Facsimile: 217-544-9894
>jim@cavanagh-ohara.com

F:\files\ECIPT\Airport\Plaintiffs.reply.wpd