UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUNDS, and STEAMFITTERS LOCAL NO. 353,<br>Plaintiffs<br><br>AIRPORT PLUMBING AND HEATING INC.<br>Defendant | Case No. 04-1059 |

**ORDER**

Now before the court is the Defendant's motion (Doc. #15) to strike the Plaintiff's expert disclosure and to bar that expert's testimony and evidence; and the defendant's motion to strike (Doc. #24) the plaintiff's reply to summary judgment; and the parties' cross motions (Docs. #14 and 19) for summary judgment. For the following reasons, the motion to strike (#15) is denied; the motion to strike (#24) is granted in part and denied in part. The Plaintiffs' motion for summary judgement and the Defendant's motion for summary judgment are both denied.

**FACTS**

The following facts are taken from the parties' statements of undisputed fact and the responses thereto, unless otherwise noted.

The Plaintiffs (hereinafter "Funds") are employee benefit plans based in Indianapolis, Indiana. Defendant Airport Plumbing and Heating (hereinafter "Airport Plumbing") is a signatory to a Supplemental Agreement for Contractors and/or Associations (hereinafter "Participation Agreement") not affiliated with the Tri-County Association of Plumbers and

Mechanical Contractors (hereinafter "Tri-County Association") effective May 1, 1989. That Participation Agreement obligates signatories such as Airport Plumbing to adhere to wages, hours and other employment conditions that had been bargained for in the Labor-Management Agreement incorporated into the Participation Agreement. The employment conditions pertinent to this case required the signatory to make contributions to the Funds for all covered employees, including all "plumbers employed by a Contractor signatory," as well as "all journeyman plumbers." [1]

The Funds retained Romolo & Associates (hereinafter "Romolo") to perform a payroll compliance examination of Airport Plumbing for the period of January 1, 1998 through December 31, 2002. The sole purpose of this examination was to determine if Airport Plumbing's contributions to the Funds were in compliance with obligations imposed by the Participation Agreement. The information used for the examination consisted of records furnished by Airport Plumbing, namely their payroll records, State unemployment tax forms, federal payroll tax forms, monthly remittance reports made to the Funds, other trades fringe benefit reports, and job cost records.

The report states that the procedures were agreed upon by the Fund and that the procedures would be applied "in accordance with standards established by the American Institute of Certified Public Accountants." The report then contains the following proviso:

---

[1] The relevant provisions of the Labor-Management Agreement are set out in plaintiff's Statement of Undisputed Facts, paragraph 6,7 and 8. Defendant admitted paragraph 6, ignored paragraph 8, and disputed paragraph 7 as a conclusion not a fact. I have deemed all 3 paragraphs as admitted and material.

> The sufficiency of the procedures is solely the responsibility of the specified users of the report. Consequently, we make no representation generally regarding the sufficiency of the procedures described in the attached supplement, either for the purpose for which this report has been requested or for any other purpose."

This type of examination is governed by standards established by the American Institute of Certified Public Accountants, and Romolo's report states that the examination comported with those standards. Romolo's report to the Funds made it very clear, however, that they were not auditing the underlying records; the report states, "Because the procedures described in the supplement do not constitute an audit made in accordance with generally accepted auditing standards, we do not express an opinion on any of the accounts or items referred to in this report."

Donald Theinert was an employee of Airport Plumbing and Heating from January 1, 1998 through December 31, 2002. He was licensed as a plumber with the Illinois Department of Public Health at pertinent times, and it appears as though at one point he approached a union representative about joining the Union. The documents reviewed by Airport Plumbing include a "Note"[2] that states as follows: Please be advised that [Theinert] is a non-union plumber who worked for this employer for the entire examination period. All hours worked by this individual have been shown as due herein under Local 63NU." The payroll records for Theinert show that he worked 928 unreported total hours during the relevant time period, none of which were reported to the Funds and none of which generated any contributions to the Funds. Based on its examination of Airport Plumbing's

---

[2] It appears that this Note was prepared by Romolo, but the basis for the statement in the Note does not appear in the court record.

3

records, Romolo concluded that Airport Plumbing owed $30,424.00 to the Funds in additional contributions on behalf of Theinert as a journeyman plumber.

**MOTION TO STRIKE REPLY BRIEF** (#24)

In this motion, defendant urges the court to strike plaintiff's reply brief for several reasons. There are several reasons given for this request. First is that the argument section of the reply exceeds the five pages allowed by Local Rule CDIL 7.1. This is true, and the plaintiff should indeed have sought leave to file an oversized reply. Nonetheless, the court in its discretion allows the filing of the reply in excess of the permitted length.

The second reason given is that the reply includes plaintiff's response to the additional facts asserted by defendant in its response, but where the plaintiff claims those additional facts are disputed or immaterial, there is no citation to the record as required by CDIL 7.1. Once again, the omission is noted. However, that would not be a basis for striking the entire reply but only the offending paragraphs. Moreover, the court was able to ascertain with only a minimum of effort the basis for the plaintiff's position and therefore in its discretion declines to strike the reply on that basis.

The final reason given is that the reply appends three exhibits - new affidavits of an accountant (Exh.A) and a union official (Exh.C), as well as a billing statement from the accounting firm (Exh.B). The facts asserted therein were, according to defendant, not asserted in response to new facts put forth by defendant in its response but rather are entirely new and solely for the purpose of bolstering plaintiff's position. They are, therefore, improper under Local Rule CDIL 7.1.

The affidavit of the union official goes toward an affirmative defense raised by defendant, namely estoppel. While it is true that the plaintiffs overlooked this issue in their

original memorandum, I find that it would be elevating form over substance to strike the reply on this basis. Estoppel can be (and is, see below) determined as a matter of law in this case, and I see no basis for ignoring this reality.

The second exhibit - the affidavit for Romolo's fees - is however an entirely new matter, and it is not necessary for the court's decision at this time. The affidavit is therefore stricken.

The third exhibit is an affidavit from the accountant at Romolo, re-stating the precise method he used to calculate the amount of delinquent contributions. Given the defendant's motion to strike the expert's report (see below), I find that the affidavit is properly in the record. It should probably have been attached to the plaintiffs' opposition to the motion to strike and not to the reply to summary judgment, but that is a distinction without a substantive difference.

Accordingly, the motion to strike is allowed in part - Exh. B to the Reply is stricken - and denied in all other respects.

**MOTION TO STRIKE EXPERT'S EVIDENCE** (#15)

Defendant moves to strike the expert's report, arguing that it does not qualify as an expert opinion under Fed.R.Civ.P 26, because it explicitly states that it was not conducted using generally accepted auditing standards.

The defendant has misinterpreted the report. Romolo's was given Defendant's payroll records and income tax records. The only opinion (or belief, as Romolo calls it) goes to whether the contributions made to the Plaintiff Funds were consistent with the information provided by the Defendant. The limitations stated in the report go to the fact that the underlying records themselves (namely the tax returns and the payroll records)

were not audited and were therefore not vouched for in the report. The auditor accepted, for purposes of the task he was given, that those records were accurate. He drew his conclusion from those records using acceptable accounting standards.

The report raises some seemingly legitimate questions about this report. The questions with respect to the veracity or accuracy of the underlying records and questions about whether the procedures applied in this examination do in fact comport with accepted accounting standards may, if there is a basis for doing so, be raised on cross examination. Those questions will go to the weight of the expert's opinion, however, and not to its admissibility.

I conclude that the expert may testify as to his opinion that additional contributions were due to the Funds. The motion to strike and bar is therefore denied.

**SUMMARY JUDGMENT GENERALLY**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

**DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

Defendant's motion for summary judgment is based entirely on the premise that the Plaintiffs' expert will be barred. According to Defendant, in the absence of that report there is no proof that Defendant owes the contributions claimed by the Plaintiff Funds.

The motion is denied for two reasons. First, the underlying premise - that the accounting report would be excluded - is incorrect, and the court has considered that report. Second, even if the report had been excluded, the only consequence of that exclusion would be a trial to determine the factual issues; it would not entitle Defendant to judgment.

The Defendant's motion for summary judgment is therefore denied.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's motion is based in large part on its contention that Theinert worked as a plumber for Airport Plumbing and Heating. It is far from clear, based on the record created by the parties, whether the parties agree that Theinert's work for the defendant was plumbing (i.e. covered work). Nowhere is it stated outright - not in the complaint, the answer, or any of the other pleadings and motions in this case.

The existence of a plumbing license is relevant to that question. The Note prepared by Romolo stating that Theinert's hours were accrued as a plumber is entirely unsupported by documentation or other evidence. These assertions do not prove incontestably that Theinert's work for Airport Plumbing was covered work. In the absence of any conclusive evidence in the record (such as direct testimony from Theinert or from an employer representative) before this court showing that Theinert worked as a plumber (and not in some other capacity) for the Defendant, it would be wholly improper to conclude that the employer owed contributions on his behalf as a matter of law.

I do find, however, that the issue of estoppel is a red herring. This defense is based solely on defendant's contention that someone from the union told someone from the employer 17 years ago that Theinert would not be allowed to join the union because there were too many union plumbers out of work. There is no dispute here that the employer is bound by the terms of the Participation Agreement, nor is there a dispute about the terms and provisions contained in that Agreement. The Agreement provides that contributions are made on the basis of all plumbers' covered work, without respect to membership in the union. The statement from the union rep, even if true, cannot alter the terms of the Agreement. Nor can such a statement be binding on the Funds, which are entities separate and distinct from the Union itself. There can be no estoppel on the basis of this statement. If Theinert's work was plumbing, then the contributions are owed.

If the only dispute here is whether the employer owed contributions for a non-union plumber's covered work, then there is no real dispute. But because this issue has been overlooked by the parties, I cannot determine whether Defendant owes contributions to the Funds on behalf of Theinert as a matter of law. Accordingly, I find that a material factual dispute exists and and deny the Plaintiffs' motion for summary judgment.

**CONCLUSION**

For the reasons stated herein, the motion to strike the expert's testimony is denied, and the motion to strike the reply is granted in part and denied in part. Both motions for summary judgment are denied. This case shall proceed to final pretrial on February 9, 2006, and to bench trial on March 9, 2006, as currently scheduled.

ENTER this 5th day of January 2006.

                        s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE