IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUNDS and STEAMFITTERS LOCAL NO. 353<br><br>Plaintiffs,<br><br>Vs.<br><br>AIRPORT PLUMBING AND HEATING, INC.<br><br>Defendant. | Cause No. 04-1059 |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO RECONSIDER**

**A.    Procedural Background**

On July 22, 2005, Defendant Airport Plumbing and Heating, Inc. filed its Motion to Strike Plaintiff's Disclosure of Expert and to Exclude Expert Testimony and Evidence (document no. 15) (the memorandum in support of this motion is attached as Exhibit A). In its Motion, Defendant pointed out that Plaintiff failed to comply with Rule 26(a)(2) in making their expert disclosures because Plaintiffs' disclosures did not contain the expert's opinions, failed to state the basis and reasons for any opinion given plainly and in detail, and did not enumerate the data and other information the expert considered in forming his opinion.

In its Order dated January 5, 2006, the Court denied Defendant's Motion to Strike Plaintiff's Disclosure of Expert and to Exclude Expert Testimony and Evidence for the following reasons:

**MOTION TO STRIKE EXPERT'S EVIDENCE** (#15)

>      Defendant moves to strike the expert's report, arguing that it does not qualify as an expert opinion under Fed.R.Civ.P 26, because it explicitly states that it was not conducted using generally accepted auditing standards.
>      The defendant has misinterpreted the report. Romolo's was given Defendant's payroll records and income tax records. The only opinion (or belief, as Romolo calls it) goes to whether the contributions made to the Plaintiff Funds were consistent with the information provided by the Defendant. The limitations stated in the report go to the fact that the underlying records themselves (namely the tax returns and the payroll records) were not audited and were therefore not vouched for in the report. The auditor accepted, for purposes of the task he was given, that those records were accurate. He drew his conclusion from those records using acceptable accounting standards.
>      The report raises some seemingly legitimate questions about this report. The questions with respect to the veracity or accuracy of the underlying records and questions about whether the procedures applied in this examination do in fact comport with accepted accounting standards may, if there is a basis for doing so, be raised on cross examination. Those questions go to the weight of the expert's opinion, however, and not to its admissibility.
>      I conclude the expert may testify as to his opinion that additional contributions were due to the Funds. The motion to strike and bar is therefore denied.

(January 5, 2006 Order, p. 5-6). The Court's January 5, 2006 Order did not address Plaintiffs' failure to make the expert disclosure required by Rule 26(a)(2), Fed.R.Civ.P., and by this Court's Scheduling Order dated March 31, 2005.

**B.     Argument**

The trial court has the discretion to reconsider its prejudgment orders at any time and make a different determination. *Cameo Convalescent Center, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986).

The motion for reconsideration would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented by the parties, or has

2

made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.  Such problems rarely arise and the motion to reconsider should be equally rare.

*Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (quoted in *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988)); see also *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1990).

In the January 5, 2006 Order, the Court addressed Defendant's argument that the report of Plaintiff's expert "does not qualify as an expert opinion under Fed.R.Civ.P 26, because it explicitly states that it was not conducted using generally accepted auditing standards."  (January 5, 2006 Order, p. 5)  However, Defendant respectfully submits the Court did not address the primary thrust of Defendant's Motion to Strike, which was Plaintiffs' failure to comply with the mandatory disclosure requirements of Rule 26(a)(2), which makes the disclosure inadequate as a matter of law.  *Finley v. Marathon Oil Company*, 75 F.3d 1225, 1230 (7th Cir. 1996).

In its Motion to Strike at issue, Defendant identified three material flaws in Plaintiffs' disclosure:  Plaintiffs' expert expressly did not set forth any specific opinions; it failed to state plainly and in detail the basis and reasons for any opinion given; and, it failed to identify the data and other information the expert considered in reaching the opinion.  Under Rule 26(a)(2) these flaws mandated striking the report of Plaintiffs' expert and barring the testimony of the expert.  *Finley v. Marathon Oil Company*, 75 F.3d 1225, 1230 (7th Cir. 1996).

The Court did not address the separate and distinct positions asserted by Defendant in its Motion to Strike and did not explicitly rule on the adequacy of the disclosure under the standards required by Rule 26(a)(2).

Wherefore, Defendant respectfully asks the Court to reconsider its January 5, 2006 Order and grant Defendant's Motion to Strike Plaintiff's Disclosure of Expert and to Exclude Expert Testimony and Evidence (document no. 15) because Plaintiffs' expert disclosures manifestly failed to comply with Rule 26(a)(2).

    Respectfully submitted,

    BOBROFF, HESSE,
    LINDMARK & MARTONE, P.C.

BY:   s/ Richard P. Perkins
    Andrew J. Martone, #06203524
    Richard P. Perkins, of counsel
    7730 Forsyth Boulevard, Suite 200
    St. Louis, MO 63105
    (314) 862-0300
    Fax: (314) 862-7010
    andymartone@bobroffhesse.com
    richperkins@bobroffhesse.com

    Attorneys for Defendant Airport Plumbing and Heating, Inc

## CERTIFICATE OF SERVICE

      I hereby certify that on January 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following :

James P. Moody
Cavanagh & O'Hara
407 East Adams Street
P.O. Box 5043
Springfield, Illinois  62705
*Attorneys for Plaintiffs*

                                              s/ Richard P. Perkins