E-FILED
Monday, 30 January, 2006  10:24:57 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUND and STEAMFITTERS LOCAL NO. 353, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 04-1059 |
| vs. | ) ) ) | |
| AIRPORT PLUMBING AND HEATING, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION OF**
**DEFENDANT'S MOTION TO RECONSIDER**

**A.   Introduction**

The Defendant's Motion to Reconsider asserts that the Court did not address whether the Plaintiffs' disclosure of expert testimony was in compliance with the Rule 26(a)(2). The Defendant appears to argue that this Court committed manifest error. Plaintiffs believe that the disclosures were in compliance with Rule 26(a)(2) and that the Court specifically addressed this matter in its January 5, 2006 Order. The Court's Order restated that Plaintiffs' expert's opinion, the basis and reasons for the opinion, and made reference to the data considered by the expert. The Defendant's Motion to Reconsider should be denied as it serves no function but reiteration. The Court did not commit manifest error.

**B.   Argument**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource v. Walker-Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985), quoting with approval and with added emphasis,

the Court's opinion in *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1982), *aff'd and adopted,* 736 F.2d 388, 393 (7th Cir.1984)). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metro. Life. Ins. Co.,* 224 F.3d 601, 606 (7th Cir.2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997). Manifest error of law warranting the granting of motion to reconsider is narrow, applying only to egregious legal errors. *Burney v. Thorn Americas, Inc.*, 970 F.Supp. 668, 671 (7th Cir. 1997). "Courts generally to refuse to reopen what has been decided", *Messinger v. Anderson*, 225 U.S. 436, 32 S.Ct 739, 56 L.Ed. 1152 (1912).

The Defendant's motion fails to meet the standards for granting a motion to reconsider. First, the Defendant is not presenting newly discovered evidence. Second, the Court did not commit manifest error. The Defendant asserts that the Court committed manifest error because its failed to address the "primary trust" of it motion to strike. This is not a manifest error. A manifest error is an egregious legal errors. *Burney* at 671. There was no "wholesale disregard" of the Defendant's motion to strike. The Defendant is merely disappointed with the way in which the Court wrote its January 5, 2006 Order. The Defendant would prefer a more explicit writing from the Court.

The Court's January 5, 2006 Order states in pertinent part as follows:

Romolo was given Defendant's payroll records and income tax records. The only opinion (or belief as Romolo calls it) goes to whether the contributions made to Plaintiff Funds were consistent with the information provided by the Defendant . . . He drew his conclusions from those records using acceptable accounting standards. See Page 5 and 6 of the January 5, 2006 Order.
From these statements, the Court obviously reviewed Plaintiffs' Rule 26(a)(2) disclosures

and understood Romolo's opinion, the basis for the opinion, and the data he considered in

forming his opinion.  The Court restated Romolo's opinion and made reference to the data that Romolo considered.  The Court clearly <u>did not</u> misunderstand the "thrust" of the Defendant's motion to strike.  The Court addressed the Rule 26(a)(2) disclosures and denied the Defendant's motion to strike.  The Court is now being ask to rethink what it already thought.  Because the Court did not commit manifest error, the Motion to Reconsider should be denied.

Wherefore, Plaintiffs respectfully request that this Court deny Defendant's Motion to Reconsider.

Respectfully submitted,

TRUSTEES OF EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS FRINGE BENEFITS FUND and STEAMFITTERS LOCAL NO. 353, Plaintiffs,

By:  s/ James P. Moody
**CAVANAGH & O'HARA**
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: 217-544-1771
Facsimile: 217-544-9894
jim@cavanagh-ohara.com

**CERTIFICATE OF SERVICE**

  I certify on January 30, 2006, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Andrew J. Martone
    Richard P. Perkins
    7730 Forsyth Boulevard, Suite 200
    St. Louis, MO 63105
    Attorneys for Defendant

      s/ James P. Moody
      **CAVANAGH & O'HARA**
      407 East Adams Street
      Post Office Box 5043
      Springfield, IL 62705
      Telephone: 217-544-1771
      Facsimile: 217-544-9894
      jim@cavanagh-ohara.com

F:\files\ECIPT\Airport\memooflaw.reconsideration.wpd